UTICA,
Aug. 1826.

Dakin
v.
Hudson.

DAKIN *against* HUDSON, Sheriff of Columbia.

ON demurrer to the declaration. The first count was in debt for $200. "For that whereas, by a certain final judgment or decree, made before *Abraham A. Van Buren*, Esquire, surrogate of the county of *Columbia* aforesaid, in a certain matter depending before said *Abraham A. Van Buren*, surrogate of the county aforesaid, wherein *Anson Dakin* and others, heirs at law of *Joshua Dakin*, deceased, were plaintiffs, and *Abner Bristol* and *Lydia Bristol* his wife, administrator and administratrix of the estate of the said *Joshua Dakin*, deceased, were defendants, concerning the administration and distribution of the estate of the said *Joshua Dakin*, deceased, it was, among other things, heretofore, to wit, on the 9*th* of *November*, A. D. 1823, in due form of law, ordered, adjudged and decreed by the said surrogate, that the said *Abner Bristol* and *Lydia Bristol* his wife, administrator and administratrix as aforesaid, pay to the said *Anson Dakin*, the sum of 78 dollars and 64 cents, as by the said decree remaining as of

Form of declaration in debt, against the sheriff, for suffering an escape from execution on a surrogate's decree for distribution.

Such a declaration must aver, that the surrogate's court which made the decree, granted the administration.

For otherwise, it has no jurisdiction to decree distribution.

In pleading a proceeding of an inferior jurisdiction, the facts necessary to give it jurisdiction, must be set forth, and then the pleader may say *taliter processum fuit.*

The surrogate's court is a creature of the statute ; and in pleading its decree, it must be shown affirmatively, that the facts upon which it acted, gave jurisdiction of the subject matter and the persons.

In a declaration against the sheriff, for suffering an escape from execution, it is not good cause of demurrer, that the judgment appears to be against *A.* and his wife, and the execution against *A.* only ; nor that the execution appears to have been endorsed with a direction *to receive interest,* when *no interest* runs on the judgment ; nor that the judgment and execution appear to be in favor of *D.* and others, without saying what others.

Any or all of these defects in the proceedings, are no excuse to the sheriff who suffers the escape.

Such a declaration must describe the record and proceedings correctly ; and if, when produced on the trial, they do not correspond, the objection may then be made on the ground of variance.

Such a declaration, set out in the first count, a surrogate's decree, execution to the sheriff, and a voluntary escape. The second count set out a similar decree, execution, &c. and an involuntary escape. In setting out the decree, this 2d count said, a certain *other* judgment or decree, but then dropped the word *other,* and referred to the judgment, &c. by the word *said.* It set forth the execution as issued on the *last mentioned judgment,* &c. ; but afterwards referred to this execution by the word *said* ; on general demurrer to the whole declaration, *held* well, and that there was no repugnancy between the two counts.

record in the office of the said surrogate, doth and may more fully appear.   And whereas the said *Abner* and *Lydia*, having neglected and refused to perform the said order and decree, and to pay the sum thereby adjudged to the said plaintiff, and the said judgment, order and decree remaining in full force, not annulled or reversed in any way, the said plaintiff, for having execution of the said order, judgment and decree, afterwards, to wit, on the 8*th* day of *November*, A. D. 1824, sued and prosecuted out of the said court of the said surrogate, before the said surrogate, according to the form of the statute in such case made and provided, (*a*) a certain process or execution upon the said judgment and decree, against the said *Abner Bristol*, directed to the sheriff of the county of *Columbia*, by which said writ or process, the said sheriff was commanded to take the said *Abner Bristol*, if he should be found in his bailiwick, and him safely imprison, until he should perform the said sentence and decree, or until he should be delivered by due course of law.   Which said writ, afterwards, and before the delivery to the said sheriff of the county of *Columbia*, aforesaid, to be executed as hereafter mentioned, was duly endorsed, with a direction to the said sheriff, requiring him to receive 78 dollars and 64 cents, and interest, from the 9*th* of *November*, 1823, and 2 dollars and 13 cents, surrogate's fees of the said attachment or process, besides sheriff's fees, and which said writ or process, so endorsed as aforesaid, afterwards, to wit, on the 10*th* day of *November*, 1824, to wit, at *Hudson*, in the county aforesaid, was delivered to the said *Samuel E. Hudson*, who then was, and still is sheriff of the county of *Columbia*, aforesaid, to be executed in due form of law.   By virtue of which said writ or process, and of the said endorsement so made thereon as aforesaid, the said *Samuel E. Hudson*, so being sheriff of the county of *Columbia*, aforesaid, afterwards, to wit, on the 18*th* day of *December*, A. D. 1824, and within the bailiwick of the said sheriff of the county of *Columbia*, aforesaid, to wit, at *Hillsdale*, in the said county, took and arrested the said *Abner Bristol*, by his body,

(*a*)   *Vid. stat. sess.* 36, *ch.* 79, *s.* 11, 12. 1 *R. L.* 448.

and then and there, by virtue of the said process, and of the said endorsement so made thereon, as aforesaid, had and detained him in his custody for the said sum of 78 dollars and 64 cents, and interest from the 9*th* of *November*, 1823, and 2 dollars and 13 cents, surrogate's fees of the said attachment or process, besides sheriff's fees, so endorsed on the said writ or process, as aforesaid, and kept and detained him in his custody, from thence, until the said defendant, so being sheriff of the county of *Columbia*, as aforesaid, afterwards, to wit, on the said 18*th* day of *December*, A. D. 1824, at the city of *Hudson*, in the county aforesaid, without the leave or license, and against the will of the said plaintiff, *voluntarily* suffered and permitted the said *Abner Bristol* to escape and go at large. And the said *Abner Bristol* did then and there escape and go at large, wheresoever he would, out of the custody of him, the said defendant; he the said defendant, so then being sheriff of the county of *Columbia*, aforesaid; and the said sum of 78 dollars and 64 cents, with interest from the 9*th* of *November*, 1823, and the said sum of 2 dollars and 13 cents, surrogate's fees of the said process, so endorsed on the said writ or process as aforesaid, being then and still wholly unpaid and unsatisfied to the said plaintiff, to wit, at *Hillsdale*, in the county of *Columbia*, aforesaid, whereby," &c.

The second count was substantially the same, except that it was for an *involuntary escape*. It set forth a certain judgment or decree, &c. as a certain *other* judgment or decree, but then dropped the word *other*, and referred to this judgment or decree, by the word *said*. It mentioned the execution as one upon the *said last mentioned judgment*, &c. and then referred to the execution by the word *said*.

General demurrer and joinder.

*D. B. Tallmadge*, in support of the demurrer, took five exceptions : 1. That the execution should have issued, both against administrator and administratrix.

UTICA,<br>Aug. 1826.<br>Dakin<br>v.<br>Hudson.

UTICA,
Aug. 1826.

Dakin
v.
Hudson.

2. Interest is not collectable upon the decree of a surrogate.

3. The declaration describing the decree or judgment, as between "*John Dakin and others*," plaintiffs, &c. it is bad. (1 *Saund.* 37. 11 *East*, 516. 1 *Chit. Pl.* 355. 2 *id.* 147. *Com. Dig. Pleader*, (2 *W.* 12.)

4. The declaration does not give jurisdiction to the surrogate. (*Archb. Plead.* 162. 1 *Saund.* 92, n. (2.) 3 *Cowen*, 206.)

5. The counts are repugnant to, and inconsistent with each other. (*Bac. Abr. Pleas and Pleading*, (B) 1. 1 *Chit. Pl.* 397. 1 *Salk.* 213. 2 *Ld. Raym.* 842.)

*C. Bushnell*, contra, cited *Seymour* v. *Seymour*, (4 *John. Ch. Rep.* 409.)

*Curia, per* SAVAGE, Ch. Justice. The defendant makes five objections to the sufficiency of the declaration.

*First*, it is said, the execution should have been issued against *Bristol and wife ;* and *secondly*, that interest is not recoverable. If these objections were well founded, the sheriff would not, therefore, be at liberty to suffer an escape ; nor would he, if the *third* point be tenable. The declaration must describe correctly the record and proceedings it purports to set out ; and if the record or proceedings produced on trial do not correspond with the description, the objection may be taken for the variance.

But it is objected, *fourthly*, that the declaration does not give jurisdiction to the surrogate ; and it seems to me that this objection is unanswerable. The construction given to the act, (1 *R. L.* 448, *s.* 11, 12,) by the late chancellor *Kent*, (4 *John. Ch. Rep.* 410, 11,) is, that the surrogate *granting administration*, has power to call the administrator to account. I think jurisdiction belongs to that surrogate's court alone which granted the administration. It is not averred in this declaration, either that the surrogate of *Columbia* county granted administration, or that he had jurisdiction of the matter.

The rule is, that the pleading, relying on a proceeding of an inferior jurisdiction, must set forth the facts necessa-

ry to give *jurisdiction ; and it may then say, *taliter pro-* *cessum fuit, &c.* Such summary proceedings are contrary to the course of the common law. The surrogate's court is entirely a creature of the statute. It should be shewn to the court affirmatively, therefore, that the surrogate had power to make the decree ; that the facts upon which he acted, gave him jurisdiction of the subject matter, and of the persons before him.

There is nothing in the last objection, that the counts of the declaration are repugnant.

The defendant is entitled to judgment on the demurrer, with leave to the plaintiff to amend on payment of costs.

UTICA,
Aug. 1826.

Judgment for the defendant.