## SUPREME COURT.

### HORACE HUNT and others agt. MAURICE DUTCHER.

If a party in pleading a judgment or determination of a justice of the peace, or other court or officer of special jurisdiction, desires to pursue the form prescribed by the Code, (§ 161,) instead of the common-law mode, to show that the court had jurisdiction of the subject matter, and of the person of the defendant, he must allege substantially, if not literally, the language of the Code—that is, that the judgment was " *duly given or made.*" It is safest to use the language of the Code.

An allegation that the justice had full authority and jurisdiction over both the person of the defendant and the subject matter of the action, to try the same, and that such proceedings were thereupon had, that on —— day judgment was

*entered in said action*, by said justice, in favor of the plaintiff, for, &c., which judgment remains unsatisfied, &c., is *insufficient*.

Alleging that a judgment *was entered in said action*, is not equivalent to alleging that judgment has been, or was "*duly given or made*." The word "*duly*," in this relation, has a very essential and important meaning, and can hardly be dispensed with and satisfy the statute

*Livingston Circuit, Feb.*, 1857.

DEMURRER. Action upon a justice's judgment.

The complaint states the recovery of the judgment as follows: That the plaintiffs, in the month of May, 1850, commenced an action in a justice's court against the defendant, before Ichabod Thurston, Esq., who was a justice of the peace, and had full authority and jurisdiction over both the person of the defendant and the subject matter of the action, to try the same, and that such proceedings were thereupon had that on the 4th day of May, in said year 1850, judgment was entered in said action by said justice in favor of the plaintiffs, and against the said defendant for the sum of $43.60 damages, and one dollar and twelve cents costs, and that said judgment still remains in full force and effect—not reversed or annulled, or set aside; neither has the same been paid or satisfied, and demanded judgment for the amount of the judgment and interest.

To this complaint the defendant demurs: for that it does not state facts sufficient to constitute a cause of action, and specifies also,

1st. That there is no allegation of fact in said complaint of personal service of process on the defendant, or other fact showing that the justice ever acquired jurisdiction of the person of the defendant.

2d. That there is no allegation that the justice acquired jurisdiction of the subject matter of the said action, or that the judgment had been or was *duly given or made*.

R. P. WISNER, *for plaintiffs*.
SCOTT LORD, *for defendant*.

E. DARWIN SMITH, Justice. A justice's court is a court of special and limited jurisdiction.

In pleading the judgment of such a court, it is necessary at common law to show that the court had jurisdiction of the subject matter, and of the person of the defendant. (3 *Com.* 193; *Turner* agt. *Roby,* 7 *Hill,* 37.)

The complaint in this case does not show that the justice had either jurisdiction of the person or subject matter, except by way of mere allegation, which is clearly insufficient. It does not show what the cause of action was, that the court may see that it was within the jurisdiction of the justice, and does not show either the service of process upon the defendant, or that he appeared before the justice.

The demurrer is clearly well taken, unless the Code helps the plaintiff out of the difficulty.

Section 161 of the Code is as follows: " In pleading a judgment, or other determination of a court or officer of special jurisdiction, it shall not be necessary to state the facts conferring jurisdiction; but such judgment or determination may be stated to have been duly given or made. If such allegation be controverted, the party pleading shall be bound to establish, on the trial, the facts conferring jurisdiction."

The plaintiff has not used the language of this section. He says, in the complaint, that such proceedings were had before the justice that " judgment was *entered in said* action." This is clearly not equivalent to the words that such judgment has been or was " *duly given* or *made.*"

It may not be necessary, and probably is not, to use in the pleading the precise language of the statute, but words to the same effect and substance must be used. (7 *Barb.* 84.) To say that a judgment is *entered,* is merely to allege the single fact of the entry of the judgment, without including an averment that it was properly or lawfully done. All this is embraced in the language of the Code, that the judgment was " *duly given* or *made.*" The word *entered,* or *perfected,* may be equivalent to the word *made,* or *given:* but the word *duly* is most essential. It can hardly be dispensed with and satisfy the terms of the statute. I can imagine no single word that will supply its place. The allegation that the judgment was *entered,* would

be proved by simple evidence of the actual rendition of a judgment. But the allegation that the judgment was "*duly given*, or *made*," could only be proved by establishing, on the trial, the facts conferring jurisdiction upon the justice, and showing that the judgment was, in all respects, lawfully and regularly obtained, or rendered.

The statute gives a short and simple form of pleading a judgment; and it is safest, if not indispensable, that the statute language be adopted and used when the party seeks to avail himself of this provision of the Code, instead of following the common-law forms in such cases.

The demurrer is well taken, and judgment must be given for the defendant thereon, with leave to the plaintiff to amend, on payment of costs.