DOLPHUS B. HANNER and others, Appellants, v. C. S. SIL-
VER, Administrator of the estate of Finice Carothers,
deceased, Respondent.

*Appeal from Multnomah County.*

1. County Courts have no authority to determine what persons are entitled
   to the realty, and to make partition of the real estate of the decedent.
2. The control of an administrator over real estate, under section 1088, is
   limited to the cases mentioned in sections 1161 and 2 of the Code.
3. In proceedings for partition of real property the particular property
   must be designated, and also the interest of persons therein.

THE complaint in this case, as a petition, was filed in the
County Court of Multnomah county, sitting in probate.   It
alleges that the real name of decedent was Finice Thomas;
that he died possessed of valuable real estate in that county,
and left first cousins upon his mother's side, as his heirs-at-
law; that such first cousins, and the children of ·deceased
first cousins, are his sole and legal heirs; that petitioners, as
purchasers from certain of those heirs, are owners in fee of a
certain specified undivided part of the estate of said Finice,
and that Hanner is the attorney in fact of some of said
heirs.

The prayer is, that proofs may be taken to show to whom
said estate belongs, and that the administrator be ordered to
surrender to the petitioners their distributive shares in the
estate.   The petitioners state the particulars of their alleged
consanguinity, and that of their co-heirs.   They specify what
are their alleged distributive shares.   The administrator
demurred, assigning for causes, that the court is without juris-
diction; a want of proper parties, and that the complaint
does not state facts constituting a cause of suit.   The demur-
rer was sustained in the Probate Court, and on an appeal had

therein to the Circuit Court, that decision was sustained, and an appeal was taken here.

*Gibbs & Parrish, Lancaster & Wait,* for appellants :

That the power rests in the Probate Court, to enable rightful heirs to obtain the real property, to which they are justly entitled, without needless expense, delay, or necessity of resort to other courts.   (2 *Barb. Ch.,* 93–4 ; 1 *Metc.,* 207 ; *Code, sections* 1088, 1161–2, 1047, *sub.* 5, 869, *sub.* 3, 4.)

*Mitchell, Dolph & Smith,* for respondents :

The jurisdiction of the Probate Court is special and limited, and is derived by fair and reasonable construction of the language of the Constitution and statutes.   (*Dayton on Surrogates,* 7, 8.)   That the Probate Court may sell real estate to pay debts, and to partition real estate among heirs as provided in *sections* 1088, 1161–2, *of the Code.*   That the provisions of section 1088 are limited to cases mentioned in 1161–2, and that appellants have not brought themselves within the cases there, because petition fails to state the filing of first semi-annual account ; fails to state that deceased had any property subject to distribution ; and to state that the estate was indebted.

That when the administration is complete, all that the Probate Court can do is to discharge the administrator, and the real property remaining is discharged from his possession, without order or decree.   (*Section* 1160, *Code.*)   The question of *heirships* does not belong to the County Court.

PRIM, J.   The petition does not show what progress has been made in the administration ; whether any or what property, either personal or real, is comprised in the estate ; whether any account has been rendered ; whether debts exist, or whether any have been paid.   The main question to be determined in this case is whether, under our statute, it is the duty of the County Court to determine what persons are

entitled to the realty; and to make partition of the real estate of the decedent. This question has been fully argued, and as it affects the whole merits, the decision of this question is conclusive of the case.

The Constitution provides that "the County Court shall have the jurisdiction pertaining to Probate Courts, and Boards of County Commissioners, and such other powers and duties, and such civil jurisdiction, not exceeding the amount in value of $500, &c., as may be prescribed by law." The appellant contends that the Constitution confers on the County Court the power here contended for, as a part of the jurisdiction pertaining to Probate Courts. In inquiring what was such jurisdiction, at the time of the adoption of the Constitution, we find in this connection that lands and tenements were deemed and treated as something distinct from the assets, which might go into the hands of the administrator; and that the distribution of real estate did not formerly pertain to the jurisdiction of Probate Courts. (2 *Black. Com.*, 489; 1 *Edward*, 551; *Griffith* v. *Buchan*, 10 *Barb.*, 432.)

At common law real estate descended to the heir, not subject to the control of the administrator; and such was the general rule in most of the States at the time our Constitution was adopted. Hence its distribution was not a matter pertaining to probate jurisdiction. In this State the power of the administrator to take possession of real property is not derived solely and directly from the Constitution. It is conferred by section 1088 of the Code, which authorizes the administrator to hold the temporary possession of real estate; and we think this power is not justified under the other clause relating to "other powers and duties." It cannot be maintained that if all that is provided in the statute, concerning the possession and distribution of real estate, was repealed, such repeal would be an encroachment upon, or diminution of "the jurisdiction pertaining to Probate Courts;" neither would that court then have any power to distribute real estate.

Whatever power that court has in this respect being created by statute, the whole act should be examined together to ascertain the true intent and meaning of the legislature. Section 1088 gives the administrator possession and control of the real estate "until the administration is completed, or the same is surrendered to the heirs, or divided by the order of the court or judge thereof." Sections 1161, and 1162 provide that the court may, under certain circumstances, order that an heir, devisee, or legatee, may in the discretion of the court have the possession of the real property to which he may be entitled, or a part thereof before the administration is completed. Section 1160 declared that the real property "is the property of those to whom it descended by law, or is devised by will, and upon the termination of the administration, the unsold real property is discharged from such possession and liability without any order or decree therefor." Yet if there is any *surplus* of *proceeds* of *sale*, the court or judge thereof should order a distribution of such surplus. We think the power conferred by the provision contained in *section* 1088 *of the Code* is qualified and limited to cases specified in sections 1161 and 2. Then, when under the Code the administration is completed, the court discharges the administrator, and the real property descends and goes directly to the heirs-at-law, if there be any, " without any order or decree therefor." To hold that the Code has conferred upon the County Court, sitting in probate, power to make partition of real estate, would be by implication to clothe that court with a very important branch of jurisdiction, not usually pertaining to such courts; and would be in contravention of the generally admitted doctrine, that jurisdictions deriving their powers from statutes are held strictly to the exercise of the powers expressly given. (*Bloom* v. *Burdick*, 1 *Hill*, 130; *Dakin* v. *Hudson*, 6 *Cow.*, 221.)

This Code has provided a mode of proceeding for the partition of real estate, and evidently contemplated a proceeding by complaint in the Circuit Court, in which not only must

the property be designated, but the interest of all persons in that property must be specifically and particularly set forth. We are satisfied it was not the intention of the legislature in framing the Code that jurisdiction in partition should be exercised by Probate Courts.

Judgment affirmed.