LEWIS TUTTLE, Respondent, *v.* RICHARD W. ROBINSON and Others, Defendants; MARGUERITE DE F. RAYNOR and FREDERICK W. RAYNOR, Appellants.

91h  187
70 AD ¹437

*Action by a judgment creditor to set aside a conveyance — necessary recitals in his complaint as to his judgment recovered in a Justice's Court.*

The common-law rule that, in pleading judgments of inferior courts of special and limited jurisdiction, the facts upon which jurisdiction depends must be stated, and that it must be shown that the court had acquired jurisdiction of the person as well as of the subject-matter, has been modified by the Code of Civil Procedure; and it is sufficient now to state that the judgment or determination was "duly given or made."

The complaint in an action brought by a judgment creditor to set aside a conveyance made by the judgment debtor is fatally defective where it does not set out the facts showing jurisdiction, and fails to allege that the judgment of a Justice's Court against the defendant in question was duly given. Such a complaint is also defective where it fails to show that the judgment in question was recovered in any particular county, or does not show where it was docketed, or that execution upon it was issued by the clerk, or that the judgment debtor was a resident of the State of New York.

APPEAL by the defendants, Marguerite De F. Raynor and another, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Suffolk on the 24th day of April, 1895, upon the decision of the court rendered after a trial at the Kings County Special Term overruling their demurrers to the plaintiff's complaint, except from so much of said judgment as sustains the demurrer of the defendants,

Bliss Brothers, with notice of an intention to bring up for review upon such appeal an order made at the Kings County Special Term and entered in the office of the clerk of the county of Suffolk on the 24th day of April, 1895, overruling their demurrers.

*Timothy M. Griffing,* for the appellants.

*George F. Stackpole,* for the respondent.

BROWN, P. J.:

This action was brought by the plaintiff, a judgment creditor of the defendant Richard W. Robinson, to obtain a judgment setting aside a conveyance of real estate from said Robinson to the defendant Marguerite De F. Raynor.

The first two allegations of the complaint are as follows :

" That on or about March 3, 1894, in a Justice's Court, in which Richard W. Robinson was defendant, the plaintiff recovered judgment against said Richard W. Robinson for the sum of fifty-one dollars and ninety-five cents.

" That on the 5th day of March, 1894, a transcript of said judgment was filed in Suffolk county clerk's office, and an execution thereon was on the same day issued to the sheriff of Suffolk county, New York, and the same was thereafter returned by said sheriff wholly unsatisfied."

The objections made to these allegations are, we think, well founded.

The common-law rule was that, in pleading judgments of inferior courts of special and limited jurisdiction, a general averment of jurisdiction was not sufficient. The facts upon which jurisdiction depended were required to be stated, and it was necessary to show that the court acquired jurisdiction of the person as well as that it had jurisdiction of the subject-matter. (*Dakin* v. *Hudson,* 6 Cow. 221; *Bowman* v. *Russ,* Id. 234; *Thomas* v. *Robinson,* 3 Wend. 267; *Cleveland* v. *Rogers,* 6 id. 438; *Turner* v. *Roby,* 3 N. Y. 193.)

The Code of Civil Procedure modified this rule, and it is now provided (Code Civ. Proc. § 532) that in pleading a judgment or other determination of a court of special jurisdiction it is not necessary to state the facts conferring jurisdiction, but that the judgment

or determination may be stated to have been "duly given or made." The plaintiff has not set out the facts showing that the judgment against Robinson was recovered before a justice having jurisdiction to render the same, nor has he followed the rule prescribed by the Code. The statement that the judgment was "duly given" is one of substance, and the omission to allege it is fatal to the complaint. (*Hunt* v. *Dutcher*, 13 How. Pr. 538; *Wheeler* v. *Dakin*, 12 id. 537; *Cutting* v. *Massa*, 15 N. Y. St. Repr. 316.)

In other respects the complaint is defective. It does not appear that the judgment was recovered in this State, nor in Suffolk county, nor that it was ever docketed in that county, nor that the execution was issued by the clerk. Neither does it appear whether the judgment debtor was a resident of this State, and, if he was, that he resided in Suffolk county.

In view of the plain provisions of section 1872 of the Code of Civil Procedure the omission to allege the facts in this regard is fatal to the pleading.

The judgment must be reversed, with one bill of costs of appeal, and the demurrers sustained, with one bill of costs of trial, with leave to plaintiff to amend his complaint within twenty days on payment of costs.

PRATT and DYKMAN, JJ., concurred.

Judgment reversed, with one bill of costs of appeal, and demurrers sustained, with one bill of costs of trial, with leave to plaintiff to amend his complaint within twenty days on payment of costs.