(117 App. Div. 455)

### GANSEVOORT BANK v. EMPIRE STATE SURETY CO.

(Supreme Court, Appellate Division, First Department. February 8, 1907.)

1. PLEADING—COMPLAINT—SUFFICIENCY—PERFORMANCE OF CONDITIONS.

Code Civ. Proc. § 533, provides that in pleading the performance of a condition precedent in a contract it shall not be necessary to state the facts constituting performance, but that plaintiff may state generally that he has "duly" performed all the conditions on his part. *Held* that, in an action on a bond given to secure a note, a paragraph of the complaint containing an allegation that before the commencement of the action every condition was fulfilled, and all things happened, and all times elapsed necessary to entitle plaintiff to maintain the action for recovery on the bond of the amount of the note, was insufficient under the statute.

2. BONDS—ACTIONS—COMPLAINT—SUFFICIENCY.

In an action on a bond given to secure a note delivered to plaintiff for a loan, the complaint alleged that the maker of the note duly executed and delivered it to plaintiff for value received, and promised to pay plaintiff at a time stated a certain sum, and that the bond was given to secure the payment of the note, and that the maker of the note had wholly failed to discharge and pay such indebtedness. *Held*, that the complaint was not demurrable on the ground that it failed to show that plaintiff loaned the sum in question to the maker of the note.

Houghton, J., dissenting.

Appeal from Special Term, New York County.

Action by the Gansevoort Bank against the Empire State Surety Company. From a judgment overruling a demurrer to the complaint, defendant appeals. Affirmed.

See 98 N. Y. Supp. 382.

Argued before PATTERSON, P. J., and McLAUGHLIN, HOUGHTON, SCOTT, and LAMBERT, JJ.

Benjamin Reass, for appellant.
William McArthur, for respondent.

McLAUGHLIN, J. The defendant demurred to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was overruled and defendant appeals from the interlocutory judgment.

One Newman, according to the allegations of the complaint, applied to the plaintiff for a loan of $5,000, upon his promissory note for that amount, payable four months after date. The plaintiff declined to make the loan without additional security, and thereupon the bond of the defendant was delivered to the plaintiff and the loan made. The note was not paid when due, was duly protested for nonpayment, and this action brought upon the bond. The bond is dated the 24th day of October, 1904; is under seal; and recites that Newman, as principal, and the surety company, as surety, are held and firmly bound to the plaintiff in the sum of $10,000, payment of which Newman and the surety company bind themselves jointly and severally to make. Then follow these provisions:

"Whereas the said Randolph M. Newman has applied to the Gansevoort Bank of New York for a loan of five thousand dollars ($5,000) upon his promissory note dated this 24th day of October, 1904, and payable four months after

date, and whereas the said Gansevoort Bank has declined to make said loan up-
on said note without additional and collateral security therefor, and for the
faithful payment of said loan, and whereas the Empire State Surety Company,
as an inducement to said Gansevoort Bank of New York to make said loan,
executes this certain bond or obligation: Now, therefore, the condition of this
bond or obligation is such that if the above-bounden Randolph M. Newman
shall faithfully discharge and pay the said indebtedness of five thousand dol-
lars ($5,000), then and in that event this obligation to be void and of no effect,
otherwise to remain in full force and virtue."

Copy of the bond is annexed to and made a part of the complaint.
The complaint specifically charges:

"(3) That on or about the 24th day of October, 1904, at the city of New York,
one Randolph M. Newman duly executed and delivered to the plaintiff, for
value received, his certain promissory note, in writing, wherein and whereby
he did promise to pay to the plaintiff above-named, four months after said
date, $5,000."

And that the note here referred to is the same one mentioned and
referred to in the bond. The complaint then charges that the note,
at maturity, was presented for payment, and was dishonored; that
the same was duly protested; that Newman had wholly failed to dis-
charge and pay the said indebtedness of $5,000, or any part thereof,
except $1,500, and by reason thereof there had been a breach of the
condition of the bond prior to the commencement of the action. Then
follows the ninth paragraph, which contains an allegation that before
the commencement of the action "every condition was fulfilled and all
things happened and all times elapsed necessary to entitle the plaintiff
to maintain this action for recovery on foot of said bond of the amount
of said note therein mentioned   *   *   *   less by the said $1,500."

The court at Special Term, as appears from the opinion, reached
the conclusion that there was no allegation in the complaint that plain-
tiff loaned $5,000 to Newman; that that was the condition of the bond,
and the allegations as to the delivery of the note by Newman and ac-
ceptance by plaintiff were not equivalent to an allegation that the plain-
tiff loaned Newman $5,000, for which reason the complaint was de-
fective so far as any attempt was made to set out a common-law aver-
ment of performance, but that the ninth paragraph of the complaint
might be construed as having alleged performance under section 533 of
the Code of Civil Procedure.

I am of the opinion that the ninth paragraph of the complaint does
not allege performance under the section of the Code referred to.
This section of the Code provides that in pleading the performance of
a condition precedent in a contract it is not necessary to state the facts
constituting performance, but the party may state generally that he,
or the person whom he represents, has duly performed all the condi-
tions on his part. When the ninth paragraph of this complaint is
carefully considered, I am unable to discover where there is any al-
legation in it that the plaintiff has duly performed all the conditions
on its part to be performed. At most, there is an allegation of general
performance, and this, I think, insufficient. However, I am of the
opinion, under the liberal system of pleading which now prevails, that
the complaint states a cause of action irrespective of the ninth para-
graph. It shows that Newman duly executed and delivered to the

plaintiff, for value received, his promissory note, by which he promised to pay to the plaintiff, at a time stated, $5,000, and that it was to secure the payment of this note that the bond in question was given. Some effect must be given to the words "duly executed and delivered" as well as "for value received." The note was for $5,000. This is the amount which Newman promised to pay for value received. This necessarily implies, as it seems to me, that that amount was loaned, and certainly so when this allegation is taken in connection with the other allegation that Newman had, prior to the commencement of the action, "wholly failed to discharge and pay the said indebtedness of $5,000."

The judgment appealed from, therefore, should be affirmed, with costs, with leave to the defendant to withdraw the demurrer and interpose an answer on payment of the costs in this court and in the court below. All concur except HOUGHTON, J., who dissents.