## HILTON & DODGE LUMBER CO. v. ROBERT R. SIZER & CO.

(Supreme Court, Appellate Division, First Department.   April 8, 1910.)

1. SALES (§ 62*)—DELIVERY—ACCEPTANCE—EXCUSES.

Where a contract for the sale and delivery of lumber before a certain date was entire, the buyer was not bound to accept any of the lumber unless all of it was delivered by the time fixed in the contract or pay for any amount less than the entire amount contracted for.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 171–179; Dec. Dig. § 62.*]

2. SALES (§ 377*)—REMEDIES OF SELLER—ACTIONS FOR BREACH—PLEADING.

The complaint, in an action for breach of contract to purchase lumber, alleged that plaintiff agreed to sell defendant 425,000 feet of lumber to be shipped in February or March, 1906, and thereafter delivered and received payment for a part thereof, when defendant extended the time of delivery of the remainder to and including July, 1906; that within such time plaintiff manufactured the rest of the lumber, and within such time had manufactured 198,876 feet of the remainder and delivered it to defendant, and, while he was manufacturing the remainder thereof, defendant notified him that it would not receive any part of the remainder, and has refused to do so, though due notice of delivery of the lumber as aforesaid was given to him. *Held* that, in order to excuse performance of an entire contract of sale by notice given by the other party that he will not accept the goods, the complaint must show that such notice was given before the time when the contract by its terms was to be fully performed, and the complaint was bad for not alleging that defendant's notice of its refusal to accept the remainder of the lumber was given before the expiration of July, 1906.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 1092; Dec. Dig. § 377.*]

3. SALES (§ 377*)—REMEDIES OF SELLER—ACTIONS FOR BREACH—PLEADING— PERFORMANCE BY SELLER—SUFFICIENCY OF ALLEGATIONS.

An allegation of the complaint, in a seller's action for breach of a contract to purchase and receive lumber, that "plaintiff has performed on its part all the terms" of the agreement, was insufficient as a general allegation of performance, for omission of the word "duly," under Code Civ. Proc. § 533, providing that in pleading performance of conditions precedent in a contract the pleader may state generally that he has duly performed all the conditions upon his part without alleging the facts constituting performance.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 1092; Dec. Dig. § 377.*]

Appeal from Special Term, New York County.

Action by the Hilton & Dodge Lumber Company against Robert R. Sizer & Co. From an interlocutory judgment overruling the demurrer to the complaint, defendant appeals. Reversed, and demurrer sustained, with leave to amend.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, MILLER, and DOWLING, JJ.

Frank D. Wynn, for appellant.

James A. C. Johnson, for respondent.

DOWLING, J.   The complaint in this action sets forth that the plaintiff, a foreign corporation duly authorized to do business in the state of New York, entered into an agreement with the defendant, a

domestic corporation, for the sale of 425,000 feet of short leaf pine lumber, f. o. b. vessel St. Simons, basis of freight (that is, the freight allowance to be made as from port of St. Simons), at the price of $16.50 per thousand feet, f. o. b. vessel St. Simons, shipment to be made in February or March, 1906. Thereafter plaintiff is claimed to have delivered 41,000 feet thereof, which were delivered and paid for, and the defendant in writing duly extended the time of delivery for the remainder of said lumber to and including the month of July, 1906 (the date 1905 in the complaint being concededly a clerical error). The complaint then proceeds as follows:

"Sixth. That within such time the plaintiff duly proceeded to manufacture the remainder of the short leaf pine lumber agreed to be manufactured and delivered by it in accordance with said agreement; and of such remainder, and within such time, had manufactured 198,876 feet thereof, and duly delivered same to the defendant on dock at Belfast in the state of Georgia, at which place, as provided in said agreement, said lumber was to be delivered.

"Seventh. That after plaintiff had so manufactured said 198,876 feet of short leaf pine lumber, and delivered same as aforesaid, and was manufacturing the remainder thereof, the defendant notified the plaintiff that it would not receive the said lumber manufactured or any part thereof, or the whole or any part of the remainder of said short leaf pine lumber, and has refused, and still refuses, to receive said short leaf pine lumber as aforesaid or any part thereof, all without the consent of the plaintiff; that due and prompt notice of the delivery of said short leaf pine lumber, as aforesaid, was given to the defendant."

It is further alleged that the value of said 198,876 feet of lumber was $3,281.45, payment of which has been demanded and refused and no part of which has been paid. The complaint contains the following further allegation:

"Ninth. That plaintiff has performed on its part all the terms, covenants, and conditions of said agreement on its part to be performed, and at all the times mentioned herein has been ready and willing, and now is ready and willing, to perform all the terms, covenants, and conditions of said agreement on its part to be performed."

Defendant demurred to this complaint upon the ground that it did not state facts sufficient to constitute a cause of action.

Concededly the contract in question was an entire one and called for the delivery of all the lumber specified before the end of July, 1906. The contract being entire, unless all the lumber had been manufactured and delivered at the place specified in the agreement before the expiration of the time fixed, the defendant was not bound to accept any of the lumber nor to pay for any quantity short of the entire amount contracted for. The complaint does not show when the 41,000 feet of lumber were delivered and paid for, save that it appears this was done at some time prior to the manufacture and delivery of the 198,876 feet. The payment for this portion delivered did not constitute a waiver of the complete performance of the contract, nor is any such claim made in the complaint, and the respondent's brief expressly admits that it is not claimed that the defendant has waived or agreed to accept a partial delivery of the contract. It is, however, contended that the plaintiff was excused from performance by reason of the fact that while plaintiff was manufacturing its lumber, and before the time to deliver the same had expired, the defendant by his own act prevented the plaintiff

from carrying out and performing its agreement. If this had been properly alleged, the pleading would have been good; but it is nowhere set forth in the complaint that the defendant's notice that it would not receive the lumber manufactured was given prior to July 31, 1906, which was the latest day within which the contract could be performed. Nor can such an allegation be inferred from the pleading itself. The sixth paragraph can only be construed to mean that the plaintiff had manufactured and delivered 198,876 feet of the lumber by July 31, 1906. The words "within such time" mean that up to, and not beyond, July 31st, that amount of lumber had been delivered, and they fix and determine July 31st as the latest day up to which plaintiff claimed that performance had been made. It means more than simply saying "before said time," for it fixes a range of the time of delivery from the date of execution at the extension agreement to July 31st, and in effect avers that the delivery was made within that compass of time and was not after the latest date.

The complaint then sets forth that after plaintiff had so manufactured and delivered the 198;876 feet (that is, in effect, after the expiration of a period of time ending on July 31, 1906), and while it was manufacturing the balance thereof, the defendant gave the notice that it would not accept a partial delivery nor the balance of the contracted amount. By no reasonable construction of the language used can this be interpreted to mean more than an allegation that after July 31, 1906, the notice in question was given by the defendant. This being so, notice given after the time fixed for performance cannot excuse the plaintiff's failure to perform. When a contract entire in its nature is pleaded, and it affirmatively appears that plaintiff has not performed, and he seeks to excuse his failure to perform by notice given by the other party that the latter will not accept the merchandise agreed to be bought or manufactured, it must affirmatively appear by the complaint that such notice was given before the time when the contract by its terms was to be fully performed.

The ninth paragraph of the complaint does not assist plaintiff, nor help to set forth a good cause of action, for the provisions of section 533, Code Civ. Proc., have not been complied with, in that the word "duly" has been omitted. Therefore the inferences which might otherwise be drawn in favor of plaintiff cannot be supplied here. Clemens v. American Fire Ins. Co. of Philadelphia, 70 App. Div. 435, 75 N. Y. Supp. 484.

The interlocutory judgment appealed from should therefore be reversed, with costs, and the demurrer sustained, with costs, with leave to plaintiff to serve an amended complaint within 20 days, on payment of such costs as taxed. All concur.