ROSENTHAL et al. v. RUBIN.

(Supreme Court, Appellate Division, First Department. December 29, 1911.)

1. PRINCIPAL AND AGENT (§ 89*)—ACTION FOR BREACH OF CONTRACT—COMPLAINT—SUFFICIENCY.

Under Code Civ. Proc. § 533, which provides that in pleading performance of a condition precedent the party may state generally that he duly performed all the conditions on his part, he must make such general allegation or set out facts showing in detail the performance of each condition precedent, and hence a complaint, stating that defendant employed plaintiffs for a specified period to sell goods on a stated commission, the plaintiffs agreeing to employ a salesman and advance his traveling expenses, etc., that defendant agreed to advance a specified sum to be deducted from commissions when earned, and that plaintiffs entered upon performance of the contract and performed the same fully up to a specified date, when defendant wrongfully discharged them, etc., insufficiently alleged performance by plaintiffs of the conditions precedent.

[Ed. Note.—For other cases, see Principal and Agent, Dec. Dig. § 89.*]

2. PLEADING (§ 214*)—ADMISSION BY DEMURRER—SCOPE.

Demurrer to a complaint admits the facts stated therein, but not legal conclusions.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 525–534; Dec. Dig. § 214.*]

Appeal from Special Term, New York County.

Action by Samuel B. Rosenthal and another against Edward Rubin. From a judgment overruling demurrers to the complaint, defendant appeals. Reversed, and demurrers sustained.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

Charles Goldzier, for appellant.
Alex. B. Greenberg, for respondents.

McLAUGHLIN, J. [1] Appeal from an interlocutory judgment overruling demurrers to the first and third causes of action set out in the complaint upon the ground that neither of them state facts sufficient to constitute a cause of action. The demurrers were overruled, as appears from the opinion of the learned justice sitting at Special Term, upon the ground that each cause of action was predicated not upon the plaintiffs' performance of the contract, but upon the ground that such performance had been prevented by the defendant, and therefore need not be alleged.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In the first cause of action the plaintiffs allege, in substance, a contract by which the defendant employed them as his agents for a period of eleven months from February 1, 1910, to sell furs in a certain territory upon a stated commission; that by the terms of the agreement the plaintiffs, at their own cost and expense, were to employ salesmen, furnish them with trunks, advance their traveling expenses, and also advertise defendant's goods; that the defendant agreed to advance to the plaintiffs the sum of $30,000 on account of future commissions, and to pay that sum in three installments of $10,000 each on the 1st days of March, May, and June following the making of the contract, the amount thus advanced to be deducted from the commissions when earned; that "the plaintiffs entered upon the performance of their said contract and performed the same fully and entirely until about the 15th day of June, 1910," when the defendant wrongfully discharged them; that no part of the $30,000 has been paid, except the sum of $5,000, and the balance is still due and owing, for which judgment is demanded.

The third cause of action sets up the same agreement, contains the same allegations as to performance and discharge, and then alleges that the amount of sales made by defendant, through plaintiffs' efforts, before and subsequent to the discharge, entitles the plaintiffs to a commission of $43,500, against which is credited the sum of $30,000—that is, the amount agreed to be advanced—leaving a balance due of $13,500, for which judgment is demanded.

The point of the demurrer to each cause of action is that the performance of conditions precedent is not sufficiently alleged; that the allegation "that the plaintiffs entered upon the performance of their said contract and performed the same fully and entirely until about the 15th day of June, 1910," when they were wrongfully discharged, is not equivalent to an allegation that the plaintiffs "duly performed all the conditions" of the contract on their part to be performed. Section 533 of the Code of Civil Procedure provides that in pleading the performance of a condition precedent in a contract it is not necessary to state the facts constituting performance, but the party may state generally that he duly performed all the conditions on his part.

In Feuerstein v. German Union Fire Ins. Co., 141 App. Div. 456, 126 N. Y. Supp. 201, where an action was brought upon a fire insurance policy, the plaintiff alleged that he had complied with each and every one of the terms, conditions, and agreements of the policy on his part to be kept and performed. It was held that this was not equivalent to an allegation that he "duly performed." In Hilton & Dodge Lumber Co. v. Sizer & Co., 137 App. Div. 661, 122 N. Y. Supp. 306, it was held that a general allegation that the plaintiff had performed on its part all of the terms of the agreement did not sufficiently allege the performance of a condition precedent. In Gansevoort Bank v. Empire State Surety Co., 117 App. Div. 455, 102 N. Y. Supp. 544, action was brought upon a bond guaranteeing the payment of a loan. The complaint alleged that every condition of the contract was fulfilled and all things happened and all times elapsed necessary to enable

the plaintiff to maintain the action. It was held that such allegation was insufficient. And to the same effect is Clemens v. American Fire Ins. Co., 70 App. Div. 435, 75 N. Y. Supp. 484.

Under the section of the Code referred to, the plaintiffs had the option either to allege generally that they had duly performed all the conditions upon their part or to set out facts showing in detail the performance of each condition precedent. Feuerstein v. German Union Fire Ins. Co., supra. But as I read the cause of action demurred to they have done neither.

[2] By demurring defendant admits the facts stated in the complaint. He does not, however, admit legal conclusions, the construction put upon the contract by the plaintiffs, or the correctness of the inference to be drawn from such facts. Bogardus v. N. Y. Life Ins. Co., 101 N. Y. 328, 4 N. E. 522.

In the first cause of action, under the contract pleaded, defendant obligated himself to pay to the plaintiffs $30,000 on or before the 1st of June, 1910. The contract went into effect on the 1st of February of that year. The plaintiffs agreed in consideration of this payment that they would, at their own cost and expense, provide salesmen, furnish them with the necessary equipment for traveling, pay their expenses, and advertise the defendant's goods. The plaintiffs were not discharged until the 15th day of June. The $30,000 became due prior to that time, viz., June 1st. In order, therefore, to become entitled to the $30,000, it seems to me plaintiffs had to allege either that they had duly performed the conditions of the contract, or else set out specifically that they did employ salesmen, provide them with the necessary equipment for traveling, pay their expenses, and advertise defendant's goods.

As to the third cause of action, the allegations, as we have already seen, are precisely the same as the first cause of action as to the $30,000, followed by allegations that the plaintiffs had entered upon the performance of said contract and performed the same entirely until the 15th of June, when they were discharged; that at the time they were discharged they were engaged in carrying out the contract which they offered to perform and complete; that, until they were discharged, they and their salesmen had procured orders and sold merchandise for the defendant in the territory allotted, aggregating upwards of $100,000, and after the discharge the defendant sold merchandise in said territory, through plaintiffs and their agents, aggregating upwards of $500,000, and they became entitled to commissions upon such sales amounting to $43,500; that upon these commissions they credited the $30,000, which the defendant had agreed to pay on or before the 1st of June, leaving a balance due of $13,500, for which judgment was demanded. In this cause of action there is no allegation that the plaintiffs had duly performed prior to the discharge, nor are facts set forth showing that they had performed the conditions of the contract on their part to be performed. For the reasons stated as to the first cause of action, in the absence of such allegations, plaintiffs were not entitled to recover the $30,000 or commissions upon sales made prior to the discharge, and for anything

that occurred subsequent thereto, their cause of action is not for commissions on orders taken or sales made, but for damages for a breach of the contract.

The question of nonperformance on the part of the plaintiffs, so far as the payment of the $30,000 is concerned as commissions on goods sold prior to the discharge, is in no way involved in or connected with the discharge, because they had become entitled, if at all, to the $30,000 and such commissions prior to the discharge, and up to that time they had not been interfered with, so far as any facts are set forth, in any way. In neither cause of action are facts pleaded showing that were entitled to such payments.

If the foregoing views be correct, then it follows that the interlocutory judgment appealed from should be reversed, with costs, and the demurrers sustained with costs, with leave to serve an amended complaint within 20 days on payment of costs. All concur.