HEDGES v. PIONEER IRON WORKS.

(Supreme Court, Appellate Division, Second Department.    January 22, 1915.)

1. CONTRACTS (§ 335*)—ACTIONS FOR BREACH—PLEADING—PERFORMANCE BY PLAINTIFF.

Under Code Civ. Proc. § 533, providing that, in pleading the performance of a condition precedent in a contract, the facts constituting performance need not be stated, but that the party may state generally that he duly performed all the conditions on his part, the complaint, in an action for breach of contract, alleging that plaintiff had "fully and completely" performed, etc., was insufficient, since, if plaintiff does not plead the facts, he should plead that he has "duly" performed.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1664–1676; Dec. Dig. § 335.*]

2. CONTRACTS (§ 98*)—FRAUD—REMEDIES.

A party may rescind a contract for fraud and sue for the consideration paid, sue for a rescission and in that action obtain full relief, or, without rescinding, sue for damages.

· [Ed. Note.—For other cases, see Contracts, Cent. Dig. § 447; Dec. Dig. § 98.*]

3. CONTRACTS (§ 266*)—RESCISSION—RESTORATION OF BENEFITS.

· A party rescinding a contract for fraud and seeking to recover the consideration paid must first restore or offer to restore the thing received by him.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 1186; Dec. Dig. § 266.*]

4. CANCELLATION OF INSTRUMENTS (§ 37*)—PLEADING—RESTORATION OF BENEFITS.

A party suing to rescind a contract for fraud must in his complaint offer to restore the thing received by him and be prepared to make tender thereof at the trial.

[Ed. Note.—For other cases, see Cancellation of Instruments, Cent. Dig. §§ 66–80; Dec. Dig. § 37.*]

5. PLEADING (§ 49*)—COMPLAINT—THEORY OF COMPLAINT.

A party suing on a contract tainted with fraud cannot make a patchwork complaint that embodies some and rejects other of the essentials of the three separate remedies open to him.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 107–111; Dec. Dig. § 49.*]

Appeal from Special Term, Suffolk County.

Action by Dayton Hedges against the Pioneer Iron Works. From an order denying defendant's motion for judgment on the pleadings, it appeals. Reversed and remitted.

See, also, 150 N. Y. Supp. 1089.

Argued before JENKS, P. J., and BURR, STAPLETON, RICH, and PUTNAM, JJ.

Gustav Lange, Jr., of New York City, for appellant.

Alexander G. Blue, of Patchogue, for respondent.

JENKS, P. J.    This appeal is from an order of the Special Term that denies defendant's motion for judgment on the pleadings. The learned Special Term, although criticizing the complaint, was of opinion that it could be sustained as for fraud. The complaint takes up

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

eight pages of the record. It cannot be approved as a form, and its defects can be pointed out without reproduction.

[1] The wrong asserted by the plaintiff is that the defendant did not perform its contract with the plaintiff, in that it failed to furnish an "asphalt plant" of a specified daily capacity at a specified time; that the plant furnished fell short of the specified workmanship, material, and construction; that the plaintiff had made part payments therefor as required by the contract and had suffered damages by the said breaches of the defendant. If we regard the complaint as for a breach of the contract, as the plaintiff contends, it is bad, in that the plaintiff does not plead his performance. His entire allegation as to this feature is that plaintiff "has fully and completely performed all the contract duties and obligations on his part to be performed and done." If the plaintiff chose not to state the facts, then he should have pleaded that he had "duly" performed all of the conditions on his part. Section 533, Code of Civil Procedure; Hilton & Dodge Lumber Co. v. Sizer & Co., 137 App. Div. 661, 122 N. Y. Supp. 306; Clemens v. American Fire Ins. Co., 70 App. Div. 435, 75 N. Y. Supp. 484; Marcus Cont. Co., Inc., v. Weinbros Real Estate Co., 162 App. Div. 495, 147 N. Y. Supp. 576; Rosenthal v. Rubin, 148 App. Div. 44, 132 N. Y. Supp. 1053; Tuttle v. Robinson, 91 Hun, 187, 36 N. Y. Supp. 346; Brownell v. Town of Greenwich, 114 N. Y. 518, 22 N. E. 24, 4 L. R. A. 685; Gansevoort Bank v. Empire State Surety Co., 117 App. Div. 455, 102 N. Y. Supp. 544.

[2-5] If the plaintiff relied upon fraud as the burden of his complaint, he could have rescinded the contract absolutely and sued on the law side of the court to recover the consideration paid; but he must "first restore, or offer to restore," the thing received, or he could have sued for rescission of the contract, and in that action could have obtained full relief; but in his complaint he should have offered to restore the thing and be prepared to make tender thereof at the trial, or he could retain the article and sue on the law side of the court for damages. Vail v. Reynolds, 118 N. Y. 297, 23 N. E. 301; Heckscher v. Edenborn, 203 N. Y. 210, 96 N. E. 441; Yeomans v. Bell, 151 N. Y. 234, 45 N. E. 552. He has not pursued any one of these remedies. He does not rescind save one provision of the contract; he does not sue for rescission save as to one provision of the contract. He is entirely silent as to restoration or offer of restoration. If we could regard the plaintiff as invoking the third of the remedies specified, he does not, as we have seen, plead his performance. He cannot make a patchwork complaint that embodies some and rejects others of the essentials of three separate remedies. Yeomans v. Bell, supra.

The learned counsel for the respondent disavows the theory of fraud as the basis of his complaint, and says that his allegations as to fraud are directed to the validity of the clause of the contract relating to "a penalty" and are to explain or to avoid the effect of his partial payments. Upon his avowed theory, and without considering any other theory which could be adopted by him, he may possibly, upon the facts which we gather from his complaint, have a cause of action for liquidated damages under that clause of the contract which provides "a penalty of $20 for each and every day of delay." Mosler Safe Co. v.

Maiden Lane S. D. Co., 199 N. Y. 479, 93 N. E. 81, 37 L. R. A. (N. S.) 363; Ward v. H. R. B. Co., 125 N. Y. 230, 26 N. E. 256. But his present pleading cannot be sustained upon any theory whatever.

The order is reversed, with $10 costs and disbursements, and the matter is remitted to the Special Term. All concur.