### AINSWORTH v. ACHESON HARDEN CO.

(Supreme Court, Appellate Division, Second Department. April 25, 1916.)

1. CONTRACTS ⬠335(2)—PLEADING—PERFORMANCE—STATUTE.

In suit on a written contract, plaintiff must either plead the facts constituting performance on his part, or avail himself of the privilege accorded by Code Civ. Proc. § 533, by pleading that he "duly performed all the conditions on his part."

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1664–1676; Dec. Dig. ⬠335(2).]

2. CONTRACTS ⬠335(2)—PLEADING PERFORMANCE.

Under Code Civ. Proc. § 533, giving plaintiff, suing on a contract the privilege to plead that he "duly performed all the conditions on his part," in suit to recover under a contract which plaintiff attached to his pleading, expressly making it a part thereof, where plaintiff's allegation of performance in his amended complaint was that he "complied with all the terms and conditions of the said agreement on his part to be kept and performed thereunder," such amended complaint did not sufficiently plead plaintiff's performance.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1664–1676; Dec. Dig. ⬠335(2).]

3. PLEADING ⬠214(4)—DEMURRER—ADMISSION.

Demurrer admits only facts pleaded, and not the pleader's inferences or conclusions as to the interpretation of a contract set forth in the complaint.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 526½; Dec. Dig. ⬠214(4).]

4. MASTER AND SERVANT ⬠80(4)—CONTRACTS—PLEADING—COMPLAINT—SUFFICIENCY.

In suit on a contract of employment, set out by plaintiff in his pleading, which provided that the extra payment sued for should be made to plaintiff on a certain contingency, the complaint, containing no allegation that the contingency on which the payment depended ever happened, or that defendant was in any default giving plaintiff a right to the payment independent of the happening of the condition, was insufficient.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 113; Dec. Dig. ⬠80(4).]

Appeal from Special Term, Kings County.

Action by Franklin Ainsworth against the Acheson Harden Company. From an order denying its motion for judgment on the pleadings, defendant appeals. Order reversed, and motion granted, with permission to plaintiff to serve an amended complaint.

Argued before JENKS, P. J., and THOMAS, CARR, MILLS, and RICH, JJ.

Edwards H. Childs, of New York City, for appellant.
David C. Broderick, of New York City, for respondent.

CARR, J. This is an appeal from an order at Special Term in Kings county that denied defendant's motion for judgment on the pleadings and overruled its demurrer to the amended complaint. The plaintiff sought to recover the sum of $2,000 under a written contract which he attached to his pleading and expressly made a part thereof. His allegation as to performance on his part is in language as follows:

"That plaintiff complied with all the terms and conditions of the said agreement on his part to be kept and performed thereunder."

[1-4] The first question which arises on this appeal is whether the foregoing is a sufficient allegation of performance by the plaintiff. It was the duty of the plaintiff either to plead the facts constituting performance on his part or to avail himself of the privilege accorded under section 533 of the Code of Civil Procedure by pleading that he "duly performed all the conditions on his part." Hedges v. Pioneer Iron Works, 166 App. Div. 208, 151 N. Y. Supp. 495. It would seem to me that this amended complaint does not plead sufficiently the plaintiff's performance. The plaintiff urges, however, that, inasmuch as he has pleaded the written contract in its entirety, his allegation of performance by him of all the conditions therein prescribed on his part, is equivalent to a pleading of the facts of due performance. I think not, for the demurrer admits only facts pleaded, and not the pleader's inferences or conclusions as to the interpretation of the contract set forth in the complaint. Greeff v. Equitable Life Assurance Society, 160 N. Y. 19, 54 N. E. 712, 46 L. R. A. 288, 73 Am. St. Rep. 659. The point may seem highly technical, but the authorities against the plaintiff are numerous and uniform.

There is another objection to the complaint, which seems to me well taken by the demurrer. Under the contract between the parties, the plaintiff was employed to construct and perfect certain improvements in sewing machines manufactured by the defendant. He was to be compensated by a weekly wage while at work on this matter. He does not sue for his wages, as evidently they have been paid. What he seeks to recover is the sum of $2,000 agreed to be paid to him under subdivision 4 of the contract, which provides as follows:

"When said eight machines now building have been run under service conditions to the satisfaction of said company for 30 days and the United States patents thereon have been granted to said company, said company will pay said Ainsworth the sum of two thousand dollars ($2,000), providing said Ainsworth has carried out the provisions of this agreement up to that time."

The complaint contains no allegation that the contingency upon which the payment of the sum of $2,000 depended ever happened, or that the defendant was in any default in regard thereto which gave the plaintiff a right to the payment independent of the happening of the event contemplated. Under these circumstances, I think, the complaint was insufficient on this point, as well as to the allegation of performance on the plaintiff's part.

I recommend, therefore, that the order be reversed, with $10 costs and disbursements, and that the defendant's motion for judgment on the pleadings be granted, with $10 costs, with permission to the plaintiff to serve an amended complaint within 20 days on payment of the costs and disbursements as aforesaid. All concur.