## CITY OF NEW YORK v. FIFTH AVE. COACH CO.

(Supreme Court, Special Term, New York County. May 5, 1916.)

1. CARRIERS ⚖➡8—LICENSES AND TAXES—SUBJECTS OF TAXES.

Receipts of a stage company from the leasing of space for advertising are receipts from operation of its routes, within Transportation Corporations Law (Consol. Laws, c. 63) § 23, and hence subject to the license fee of 5 per cent. per annum upon the gross receipts of such operation, imposed by that section.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 6; Dec. Dig. ⚖➡8.]

2. STATUTES ⚖➡279—PLEADING—PRACTICAL CONSTRUCTION.

In an action by a city to recover a license fee of 5 per cent. per annum on receipts of a stage company for advertising space in its stages, the contention that the rights of the parties are settled adversely to the claim of the city by long practical construction cannot be sustained, where such practical construction is not pleaded.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 378; Dec. Dig. ⚖➡279.]

Action by the City of New York against the Fifth Avenue Coach Company. On demurrer to complaint on the ground that it does not state facts sufficient to constitute a cause of action. Overruled, with leave to answer.

William H. Page, of New York City, for demurrant.

Lamar Hardy, Corp. Counsel, of New York City (Josiah A. Stover and Harold N. Whitehouse, both of New York City, of counsel), opposed.

GIEGERICH, J. The action is to recover 5 per cent. of the defendant's receipts for six years last past from the display advertising matter in its stages, and defendant demurs.

[1] The only question argued is whether moneys received by the defendant from the leasing of space in its stages for advertising purposes are receipts from the operation of its routes, within the meaning of the statute (Transportation Corporations Law, § 23), and hence subject to the license fee of 5 per centum per annum upon gross receipts from such operation required to be paid to the city by the statute. It seems to me that the answer to the question is too plain to justify much discussion about it, but counsel for the defendant submits a long argument, in which he mainly relies upon the cases of Mayor v. Twenty-Third Street Railway, 113 N. Y. 311, 21 N. E. 60, and City of New York v. Thirty-Fourth Street Railway, 137 App. Div. 644, 122 N. Y. Supp. 344, and claims that they are conclusive of the question and in his favor. In the first of these cases the lessee of the railroad was sued, and was held liable for the license fee upon receipts from operation because it, and not the lessor, was operating the road. In the second case the lessor was sued, and was held not liable, because not operating. Neither decision involved the present question, nor any other remotely resembling it. The question in both cases was who should pay, and not how much should be paid. The statement in the Twenty-Third Street Case that the gross receipts

meant fares was coupled with the statement that the road could have no other receipts. In the present case the stage line has other receipts. The similar statement in the Thirty-Fourth Street Case that the words "gross receipts" mean "receipts from the operation of the railroad—i. e., fares"—simply meant that the gross receipts mentioned in the statute did not refer to rentals received by the lessor, which was not operating the road, but to the moneys directly received by the operating company and derived from operation. While the moneys in question were not derived from the transportation of passengers, I am at a loss to see how it can be questioned that they were receipts from the operation of the stage routes. Certainly the moneys were not earned and could not have been earned by keeping the stages idle. They had to be operated in order to earn the money, for it was only by operating them that the advertising space became of any value to anybody. The contention that moneys so earned are not earned from the operation of the line must rest upon some refinement of reasoning which I am wholly unable to grasp.

[2] The defendant further argues that the parties have, by a long-continued practical construction, settled their respective rights under the statute adversely to the plaintiff's contentions in the present case. But even if the case were doubtful, and the practical construction of the city officials were entitled to consideration in determining the city's rights under the statute, it is not explained how such practical construction contrary to the present claim is apparent from the complaint.

Demurrer overruled, with costs, with leave to defendant to withdraw the demurrer and answer within 20 days upon payment of such costs. Settle decision on notice.