(96 Misc. Rep. 591)

MARX et al. v. TALKING DOLL & NOVELTY CO., Inc.

(Supreme Court, Special Term, Kings County.   September 15, 1916.)

1. CONTRACTS ⬤⇒332(3)—PLEADING—PERFORMANCE—STATUTE—"DULY."

Under Code Civ. Proc. § 533, providing that, in pleading the performance of a condition precedent in a contract, it is not necessary to state the facts constituting performance, but it is sufficient to state generally that the pleader has duly performed all the conditions on his part, an allegation that plaintiffs had performed and complied with each and every of the terms of the agreement on their part to be performed was not equivalent to an allegation that such conditions had been "duly" performed.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 1636; Dec. Dig. ⬤⇒332(3).

For other definitions, see Words and Phrases, First and Second Series, Duly.]

2. SALES ⬤⇒411—ACTION—PLEADING—"CONDITION PRECEDENT."

Plaintiff's allegation in an action for damages for breach of a contract to sell to him not less than 250 talking machines a month, beginning September, 1915, for which he was to pay cash, and giving him an exclusive license to sell the machines, except to certain specified dealers, and that he was ready, willing, and able to receive and pay for the machines and had demanded delivery thereof, was a sufficient allegation of performance; the provision as to accepting orders from certain dealers and as to payment on delivery not being "conditions precedent," within Code Civ. Proc. § 533.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1161–1164; Dec. Dig. ⬤⇒411.]

3. SALES ⬤⇒411—ACTION—PLEADING—PERFORMANCE OR TENDER.

Where the complaint pleaded a notice from defendant that it would be unable to deliver according to its contract, amounting to a waiver of defendant's right to require tender by plaintiffs, it was not necessary for the plaintiff to plead performance or tender.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1161–1164; Dec. Dig. ⬤⇒411.]

Action by Jacob Marx and Louis Ordo, partners doing business under the firm name of the Marx & Ordo Company, against the Talking Doll & Novelty Company. On motion for judgment on the pleadings. Denied.

Robert C. Birkhahn, of New York City, for the motion.

Jonas, Lazansky & Neuburger, of New York City, opposed.

CROPSEY, J.   Defendant moves for judgment on the pleadings. The action is to recover damages for breach of a contract which is attached to and forms a part of the complaint. Under it the defendant agreed to sell to the plaintiffs talking machines, the minimum number to be not less than 250 per month, beginning in the month of September, 1915. For these the plaintiffs agreed to pay cash upon delivery. The plaintiffs were also given exclusive license to sell the machines on Long Island, with the exception of certain specified dealers, and they agreed not to canvass or accept orders from those dealers.

[1] The only point raised by defendant is that the complaint does not allege that the plaintiffs have "duly" performed all the conditions of the contract on their part. The complaint does not contain such an allegation. It contains the allegation that:

"Plaintiffs have performed and complied with each and every of the terms of said agreement on their part to be performed."

If an allegation that plaintiffs have "duly" performed on their part is necessary in this complaint, the allegation quoted is not sufficient, as it is not an equivalent. Section 533, Civil Code; Ainsworth v. Acheson Harden Co., 158 N. Y. Supp. 630; Hedges v. Pioneer Iron Works, 166 App. Div. 208, 151 N. Y. Supp. 495.

[2] But is such an allegation necessary? Section 533 provides that in pleading the performance of a condition precedent it is not necessary to state the facts constituting performance, but the statement may be made that the party has duly performed on his part. If the facts showing performance on the part of the plaintiffs are pleaded, an allegation that they have duly performed all the conditions on their part would be superfluous.

Here the complaint alleges that the—

"plaintiffs were at all times ready, willing, and able to receive and pay for the said machines, and demanded the delivery thereof."

The only obligations assumed by the plaintiffs under the contract were to pay for the machines upon delivery, and not to accept orders from certain specified dealers. The latter provision clearly was not a condition precedent to the performance of the contract, and consequently plaintiffs would not have to plead a compliance with it. The provision that the plaintiffs would pay for the machines on delivery was a dependent condition. The complaint states that the plaintiffs demanded the delivery of the machines and were ready and able to receive and pay for them. This seems to be a sufficient allegation of performance on their part.

[3] Even if this were not so, there is another reason why the complaint states a good cause of action. The contract calls for the delivery of a certain number of machines each month, beginning with September, 1915. The complaint alleges that the machines to be delivered in September and October were not delivered, and that in October the defendant notified the plaintiffs that it would be unable to deliver any of the machines until November. After the receipt of that notice, plaintiffs notified the defendant that they would not receive any of the machines, and brought suit to recover their damages.

The notice given by defendant, that it would be unable to deliver any of the machines before November, made it unnecessary for the plaintiffs to tender performance on their part. This notice, excusing the tender, amounted to a waiver of defendant's right to require a tender by the plaintiffs, and, having been pleaded in the complaint, it was unnecessary for the plaintiffs to plead performance or tender. Shaw v. Republic Life Ins. Co., 69 N. Y. 286; Robinson v. Frank, 107 N. Y. 655, 14 N. E. 413; Stokes v. Mackay, 147 N. Y. 223, 234, 41 N. E. 496; Reed v. Provident S. L. A. Soc'y, 190 N. Y. 111, 120, 82 N. E. 734.

The motion for judgment is denied, with $10 costs.