PAUL H. BERGER, Appellant, *v.* URBAN MOTION PICTURE
INDUSTRIES, INC., Respondent.

Second Department, October 11, 1923.

**Master and servant — action to recover salary and for wrongful discharge — complaint insufficient for failing to allege performance in terms of Rules of Civil Practice, rule 92 — complaint for wrongful discharge sufficient on motion for judgment on pleadings, where it is alleged that defendant failed to pay weekly salary though there is no allegation of discharge or that plaintiff was prevented from completing performance.**

A complaint in an action to recover salary due and damages for wrongful discharge is insufficient, where the plaintiff does not allege facts showing that he performed his contract, but alleges that he " duly performed all the terms and obligations of said contract on his part," since said allegation is not in compliance with rule 92 of the Rules of Civil Practice which requires the allegation to be in the following words: " duly performed all the conditions of such contract on his part."

*It seems,* that in an action for wrongful discharge, the breach of the contract by the defendant is sufficiently alleged as against a motion for judgment on the pleadings, where the plaintiff states that the defendant defaulted in the payment of his weekly salary when due and refused to pay the same, though he does not allege that he was discharged by the defendant or that he was prevented from completing performance, and where it appears from the affirmative allegations in the answer that the defendant had no funds with which to pay the plaintiff.

APPEAL by the plaintiff, Paul H. Berger, from an order of the Supreme Court, made at the ————— Special Term and entered in the office of the clerk of the county of Westchester on the 15th day of September, 1923, granting defendant's motion for judgment upon the pleadings and dismissing the amended complaint, with costs, with leave to plaintiff to serve a second amended complaint upon payment of costs.

*Hector M. Hitchings,* for the appellant.

*Henry Siegrist* [*John D. Mason* with him on the brief], for the respondent.

KELLY, P. J.:

The pleadings consisted of an amended complaint and the answer thereto.

The action was commenced August 24, 1923. The complaint contains two causes of action. In the first cause of action the plaintiff sets out a written contract dated June 15, 1920 (copy attached to the complaint), by which defendant employs plaintiff as its chief mechanical engineer for the period of five years beginning August 1, 1920, at a weekly salary of $150 until its factory shall start production, but not later than August 1, 1921, after which date plaintiff is to receive $200 per week or such increased salary as may be granted by defendant's board of directors. The plaintiff " covenants and agrees " to devote all his time, talents and energies to the business of the corporation and to transfer to it without further compensation all patents, processes and ideas developed or worked out relating to the motion picture industry and to the machines and processes manufactured or owned by the corporation. The complaint then contains the following allegations:

"*Third.* Plaintiff duly performed all the terms and obligations of said contract on his part until the 21st day of April, 1923, but that defendant, prior to said date and on and continuously after December 24th, 1922, breached said written contract on its part by failing to pay to the plaintiff the weekly salary called for by said written contract, from and after the 24th day of December, 1922, to said 21st day of April, 1923. That said unpaid salary on said 21st day of April, 1923, amounted to the sum of $3,200, being 16 weeks in all at $200 per week.

"*Fourth.* That plaintiff repeatedly demanded payment from the defendant of his weekly salary as same became due and owing to him, but that defendant failed, neglected and refused to pay the same or any part thereof.

"*Fifth.* That there is now due and owing to plaintiff from the

defendant the aforesaid sum of $3,200, with average interest thereon from the 1st day of March, 1923."

In the second cause of action the plaintiff repeats the allegations contained in the first cause of action and he then pleads that having repeatedly demanded his salary between December 24, 1922, and April 21, 1923, and payment being refused, he was " wrongfully and unlawfully compelled by defendant to leave the defendant and seek other employment." He alleges that by and through the aforesaid breach by the defendant of the contract he has been damaged and injured through the loss of his future salary for the period between April 21, 1923 (the date when he left defendant's employ), and June 15, 1925 (the date of the expiration of the five-year contract), in the sum of $22,400.

He asks judgment for the two sums mentioned, *i. e.,* $3,200 salary due to April 21, 1923, when he left defendant's employ, and $22,400, the salary to which he would have been entitled to the end of the term — total $25,600.

The answer admits the making of the contract as alleged, but denies the other allegations in the amended complaint. For a first separate defense defendant alleges that on December 24, 1922, plaintiff expressly agreed with defendant to waive payment of salary until defendant " obtained financial aid which would enable it to resume the full operation of its plant " and until defendant actually resumed such full operation. Defendant alleges that on or about said date (December 24, 1922) defendant discontinued production and manufacture " by reason of lack of funds," and that it has not resumed business nor has it obtained such financial aid. Defendant says plaintiff's salary was not paid because of such waiver, and that he was not called upon to render, and did not render, the services contracted for. And defendant alleges that on April 21, 1923, plaintiff voluntarily left the employ of defendant and thereafter refused to render any service under the contract although requested to continue in defendant's employ. For a second defense defendant alleges that plaintiff represented himself as competent and of sufficient skill to perform the services of chief mechanical engineer and that defendant contracted with him on the faith of that representation, whereas he was incompetent and unskilled and failed to fulfill his contract in various particulars referred to, causing loss to defendant. The third and fourth separate defenses in mitigation of damages set out that plaintiff could have procured other employment after April twenty-first and that he failed to use reasonable diligence to procure such employment.

The defendant, respondent, moved for judgment on the pleadings upon two grounds:

That plaintiff in attempting to allege performance of the contract on his part — a condition precedent to his right to sue — and availing himself of rule 92 of the Rules of Civil Practice, so as to avoid the necessity of stating the facts showing performance, failed to plead as required by the rule that he " duly performed all the conditions of such contract on his part."

The allegation in the amended complaint is: " Plaintiff duly performed all the terms and obligations of said contract on his part until the 21st day of April, 1923," etc.

Respondent contends that, where a plaintiff chooses to avoid stating the facts, he must plead due performance of all the conditions on his part, which was the requirement of the former Code of Civil Procedure (§ 533) and is the requirement of the present rule 92 of the Rules of Civil Practice.

Respondent says this court has so decided in *Hedges* v. *Pioneer Iron Works* (166 App. Div. 208). In that case the plaintiff had pleaded that he had " fully and completely performed all the contract duties and obligations and conditions on his part to be performed," which appears to be stronger, if anything, than the language in the complaint here. The Special Term held that the pleading was " inartificial " but that it was good. This court reversed (citing Code Civ. Proc. § 533; also *Hilton & Dodge Lumber Co.* v. *Sizer & Co.*, 137 App. Div. 661; *Clemens* v. *American Fire Ins. Co.*, 70 id. 435; *Marcus Contracting Co., Inc.*, v. *Weinbros R. E. Co.*, 162 id. 495; *Rosenthal* v. *Rubin*, 148 id. 44; *Tuttle* v. *Robinson*, 91 Hun, 187; *Brownell* v. *Town of Greenwich*, 114 N. Y. 518; *Gansevoort Bank* v. *Empire State Surety Co.*, 117 App. Div. 455). The same question was before the Appellate Term in New York county in 1917, where the language used was " That in accordance with the agreement as aforesaid, the plaintiff had duly entered upon the employment of the defendant, and fully performed his duties in accordance with the aforesaid agreement," but it was held bad (*Sisskin* v. *Workmen's Circle*, 163 N. Y. Supp. 535, and cases cited). I will not cite here the various phrases used in the cases cited, but it appears to have been uniformly held that one who sought to avail himself of old section 533 of the Code of Civil Procedure (now Rules of Civil Practice, rule 92), must strictly follow the requirements. This court again said in *Ainsworth* v. *Acheson Harden Co.* (172 App. Div. 724): " The point may seem highly technical, but the authorities against the plaintiff are numerous and uniform." In *Marx* v. *Talking Doll & Novelty Co., Inc.* (96 Misc. Rep. 591), where the allegation was " Plaintiffs have performed and complied with each and every of the terms of said agreement on their part to be performed," the learned justice at Special Term said, if an allegation that they

had " duly " performed on their part was necessary, the allegation was not suffiicent (citing the *Hedges* and *Acheson Cases, supra*), but he said the allegation was unnecessary in that case because the facts showing performance were pleaded, and he cited the express allegation in the complaint of performance of the only obligation incumbent on the plaintiffs under the contract. But in the case at bar it will be seen that plaintiff was obliged to do many things, and I am not prepared to say that due performance of the " terms and obligations " of the contract is synonymous with " conditions." At any rate, there is the plain language of the statute; it is easy to comply with it if a plaintiff desires to take advantage of the rule, and I am not in favor of introducing variations and excuses and unsettling the law as laid down in the authorities. Therefore, I think in the case at bar the learned justice was right in this respect.

As to the second cause of action, defendant asserts that the defective allegation of performance by plaintiff is repeated, and this appears to be true, and so the second cause of action as pleaded must fail for the reasons already stated. The defendant also attacked this second cause of action upon the ground that the facts pleaded did not show a breach of the contract by defendant because no discharge of plaintiff was pleaded, nor was it alleged that plaintiff was prevented from completing performance by serving until the expiration of his term. The learned judge at Special Term also sustained this contention, citing *Barnett* v. *Cohen* (110 N. Y. Supp. 835); *Wheaton* v. *Higgins* (90 id. 1041); *Moore* v. *Taylor* (42 Hun, 45); *Wharton & Co.* v. *Winch* (140 N. Y. 287). These cases had to do with actions to recover profits upon contracts where defendants had defaulted in payment of installments due, and it was held that the plaintiffs might have continued performance and sued to recover the amounts due, but that in leaving the employment the plaintiffs voluntarily abandoned the contract. I have grave doubt whether this doctrine is applicable to the contract pleaded in the complaint, or that it is applicable to the case of a plaintiff working under a weekly salary. It appears from the affirmative allegations in the answer that defendant's failure to pay plaintiff's weekly wages was due to lack of funds and that at no time after December 24, 1922, to the date of commencement of the action had the defendant been in funds. I think the refusal or default in payment of plaintiff's weekly wages was so substantial and important as in truth and in fairness to defeat the essential purpose of the parties. Failure to pay the weekly wages struck at the foundation of things; the wages meant the food and lodging and support for the plaintiff and his family, and it cannot be that

the law regards his action in seeking other employment as a voluntary abandonment and rescission of the contract by plaintiff requiring him to remain at the call of his impecunious employer until the end of the five-year term without remuneration. As against a motion for judgment on the pleadings, I think the plaintiff in the case at bar alleged sufficient facts to present an issue as to breach of the contract by defendant. (*Howard* v. *Daly,* 61 N. Y. 362; *Davis* v. *Dodge,* 126 App. Div. 469.) As Judge CARDOZO says, writing for the court in *Helgar Corp.* v. *Warner's Features* (222 N. Y. 449, 454): " The failure to make punctual payment may be material or trivial according to the circumstances. We must know the cause of the default, the length of the delay, the needs of the vendor, and the expectations of the vendee." But as the defective allegation of performance is repeated in the second cause of action, the learned justice at Special Term was also right in sustaining defendant's motion for judgment as to such second cause of action.

RICH, MANNING and YOUNG, JJ., concur; KELBY, J., concurs in the result.

Order granting defendant's motion for judgment upon the pleadings affirmed, with ten dollars costs and disbursements, with leave to plaintiff to serve a second amended complaint upon payment of costs.