In the Matter of Proving the Last Will and Testament of JOHN O'DELL, Deceased.   MARY ETTA NOZELL, as Executrix, etc., of JOHN O'DELL, Deceased, and P. R. BUTTENHEIM, Special Guardian for GEORGE O'DELL, an Alleged Incompetent, Appellants; GILES O'DELL, Respondent.— Decree of the Surrogate's Court of Orange county denying probate to a certain paper dated June 27, 1927, propounded as the last will and testament of John O'Dell, deceased, reversed upon the law and the facts, with costs to the special guardian payable out of the estate, and the will directed to be admitted to probate, with costs to the proponent payable out of the estate.   The evidence establishes that the will was duly executed by the decedent in accordance with the statute.■   The evidence likewise establishes testamentary capacity on the part of the decedent at the time of the execution of the will.   The medical testimony in the case is not inconsistent with the existence of testamentary capacity at the time of the execution of the will, nor is that medical testimony inconsistent with nor does it overthrow the proof of testamentary capacity adduced through the witness Harris, the draftsman of the will (a lawyer of experience and good repute and entitled to credence), and the testimony of the two attesting witnesses in addition to that of other witnesses of proponent on the same subject.   Lazansky, P. J., Kapper, Hagarty, Seeger and Carswell, JJ., concur.

EUGENE M. KURKA, Respondent, v. JOHN ZULINSKY and MINNIE ZULINSKY, His Wife, Appellants.— Judgment of the City Court of Yonkers unanimously affirmed, with costs.   No opinion.   Present — Lazansky, P. J., Kapper, Hagarty, Seeger and Carswell, JJ.

ANTONIO LAURIA, Respondent, v. JABURG BROTHERS, INC., Appellant.— Order denying defendant's motion for judgment on the pleadings reversed upon the law and the facts, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to plaintiff to plead over within ten days upon payment of such costs.   The complaint is defective in that, viewed as an action for damages for breach of a contract, there is no allegation of performance on the part of the plaintiff and there are no requisite allegations to sustain it on the theory of rescission.   (*Hedges* v. *Pioneer Iron Works*, 166 App. Div. 208.)   Lazansky, P. J., Young, Hagarty, Seeger and Carswell, JJ., concur.

LILLIAN LEVINSON, Respondent, v. JULIUS LEVINSON, Appellant.— Order modified by reducing the award of alimony to $30 a week, and of counsel fee to $150, and as so modified affirmed, without costs.   No opinion.   Lazansky, P. J., Kapper, Seeger, Carswell and Scudder, JJ., concur.