EDWARD F. JONES, Respondent, *v.* ALAN PORTER LEE, INC., Appellant.

First Department, March 15, 1940.

*Kenneth O. Shrewsbury* of counsel [*McClellan & Shrewsbury,* attorneys], for the appellant.

*John F. LeViness, Jr.,* of counsel [*Gwinn & Pell,* attorneys], for the respondent.

PER CURIAM. A condition precedent to the right of plaintiff's assignor to recover compensation under the written agreement attached to the complaint was that the defendant would secure from a third party the contract referred to in the agreement. The allegation that plaintiff's assignor duly performed all conditions on its part does not aid the plaintiff. This allegation relates merely to the agreement of plaintiff's assignor to assist defendant in its efforts to secure the contract.

The allegation that plaintiff's assignor duly demanded from defendant the minimum amount to which plaintiff's assignor was entitled under the terms of the contract, states a conclusion of law rather than one of ultimate fact and, hence, is insufficient. So, too, the allegation that pursuant to the contract defendant paid the sum of $1,500 fails to show that the contract between defendant and the third party was ever entered into.

In the circumstances, the pleading should contain allegations showing that the contract with the third party was secured, which allegations should set forth its terms, particularly with respect to the compensation to which defendant was to be entitled.

It follows, therefore, that the order should be reversed, with twenty dollars costs and disbursements, and the motion granted, but with leave to plaintiff to plead anew within ten days after service of a copy of the order to be entered herein with notice of entry, and upon payment of such costs and disbursements.

Present — O'MALLEY, TOWNLEY, GLENNON, UNTERMYER and COHN, JJ.

Order unanimously reversed, with twenty dollars costs and disbursements, and motion granted, with leave to the plaintiff to serve an amended complaint within ten days after service of order on payment of said costs.