REICHHOLD CHEMICALS, INC., Plaintiff, *v.* NICK WELLS, Defendant.

Supreme Court, Special Term, New York County, April 28, 1947.

*Merchant & Olena* for plaintiff.

*Halle, Halle & Rowen* for defendant.

BENVENGA, J.   Motion to dismiss complaint for legal insufficiency on the ground that it fails properly to plead the performance of certain conditions precedent.

Rule 92 of the Rules of Civil Practice provides that, in pleading the performance of a condition precedent in a contract, it is no longer necessary to state the facts constituting performance, but that the plaintiff may state, in general terms, " * * * that he, or the person whom he represents, duly performed all the conditions of such contract on his part." (See Carmody's Manual of New York Civil Practice [1946 ed.], p. 201.) This rule, being in derogation of the common law, is to be strictly construed (*Berger* v. *Urban Motion Picture Industries, Inc.,* 206 App. Div. 379, 382), and cannot be extended by construction. In other words, the Legislature will not be presumed to intend innovations upon the common law, and its enactments will not be extended, in directions contrary to the common law, further than is indicated by the express terms of the law or by fair and reasonable implications from its nature or purpose or the language employed (Black on Interpretation of Laws [2d ed.], p. 367; McKinney's Cons. Laws of N. Y., Book 1, Statutes [1942 ed.], § 301). Accordingly, if the condition is one to be performed by a third party and not the plaintiff, or a party whom it represents, the complaint must state the facts constituting performance, as at common law. (See *Jones* v. *Lee, Inc.,* 259 App. Div. 114; Twelfth Annual Report of N. Y. Judicial Council, 1946, p. 371.) However, it is not clear whether the conditions pleaded require performance by the plaintiff, or a party whom it represents, or by a third party.

Accordingly, if the conditions are such as must be performed by the plaintiff, the motion is denied; otherwise it is granted, but with leave to the plaintiff to plead anew within ten days after service of a copy of the order to be entered herein, with notice of entry.