Walter R Hart, J.
Defendant moves under rule 106 of the Rules of Civil Practice to test the sufficiency of the plaintiff’s complaint herein for breach of contract. The sole objection to the complaint, as advanced in defendant’s brief, is the plaintiff’s alleged failure to comply with rule 92 of the Rules of Civil Practice. It is defendant’s contention that: “ The complaint in this action is devoid of any facts showing that the plaintiff has performed on its part. The complaint does not set forth any statement required by Rule 92 of the Rules of Civil Practice. ’ ’ (Emphasis supplied.)
It is apparent that the defendant has misconstrued rule 92. The rule provides in part that, “ The performance or occurrence of a condition precedent in a contract may be pleaded in general terms as a legal conclusion without stating the facts constituting performance or occurrence.” (Emphasis supplied.)
Rule 92 simply provides to the pleader an additional, or alternative, method of alleging performance. (See Reichhold Chems. v. Wells, 189 Misc. 188, 189.) This is permitted in order to obviate the necessity of alleging in detail the facts constituting performance of conditions precedent to recovery which may be embodied in a contract.
The averment as to performance may be made either specially, as in the case at bar,, or generally, as permitted by rule 92. (See Fox v. Cowperthwait, 60 App. Div. 528; 3 Carmody on New York Practice [2d ed.], § 931, p. 1800.)
The contract, which is the subject matter of the instant action, is annexed to and made a part of the complaint. In its brevity the contract provides, ‘ ‘ In consideration of the sale of the fixtures and chattels of the Ronbill Corp.” the defendant agreed not to “ re-establish, reopen, be engaged in * * * any business * * * in the retail sale of ladies’dresses ” in a limited area for a limited period of time.
The pleader chose to allege performance specifically and not generally. The only condition or term specified in the contract is the sale of the chattels to the plaintiff. The plaintiff has pleaded that the sale took place by the allegation that the plaintiff purchased the fixtures and equipment of the named corporation. Such specific averment that the condition precedent has been performed is as full and complete an allegation of performance under the contract which might possibly be made.
The court finds that the plaintiff has alleged performance of the only term or condition contained in the contract. Such a finding is in complete accord with the holdings in all the cases cited in the defendant’s brief which hold that the plaintiff must *30 allege and prove performance, complete performance. None of them hold that the complaint must include a general allegation of performance rather than a specific allegation of performance.
Motion denied. Defendant to answer within 10 days after service of a copy of the order with notice of entry.
Settle order on notice.