BENJAMIN H. HOWELL *et al.*, Respondents, *against* ADOLPHUS H. MAAS *et al.*, Appellants.

(Decided June 1st, 1885).

Defendants, having purchased from plaintiffs a quantity of grape sugar through a broker, afterwards agreed through the same broker to purchase from them more sugar of the same quality, the exact quantity of which was not known to any of the parties when the bought and sold

notes were delivered. In the note delivered to defendants the quantity was stated to be " about 240 cases," and in the note delivered to plaintiffs it was stated to be " about 250 cases." Pursuant to the contract, plaintiffs stored the sugar for defendants for six months, but before the expiration of that time defendants refused to accept the sugar on the ground that that previously purchased was of bad quality. *Held*, that, notwithstanding the variance between the notes, plaintiffs were entitled to recover from defendants the price of the sugar; and that the ground upon which defendants refused to receive and pay for the sugar was untenable.

APPEAL from a judgment of the General Term of the City Court of New York affirming a judgment of that court entered upon the decision of a justice upon trial without a jury.

The facts are stated in the opinion.

*Koones & Goldman*, for appellants.

*Frank E. Blackwell*, for respondents.

CHARLES P. DALY, Chief Justice.—The defendants had bought of the plaintiffs 240 cases of what was known as grape sugar, Michigan make, and one of them afterwards meeting the broker through whom they had purchased, asked him whether the Michigan company had any more of the same kind of sugar, as it was of a peculiar color, just adapted for coloring and would suit on account of the color ; that there was nothing like it, and he had an idea that the market was going to do better. The broker said that he would make inquiries, which he did, and learned that the company had about 250 cases more. A contract was accordingly entered into, and the exact quantity not being known when the bought and sold notes were given by the broker, the quantity in the note signed by the defendants was stated to be " about 240 cases," and in the note signed by the plaintiffs it was stated to be " about 250 cases." This was a difference of 10 cases, but was evidently not considered material, as the broker who made the con-

Howell v. Maas.

tract testified that the quantity was not known at the time that the contract was made; that he did not know it himself.

By the terms of the contract the sugar was to be stored by the plaintiffs, and covered by an insurance, free of expense to the defendants for six months, and if the defendants desired the delivery of a part or of all they were to pay cash upon delivery. Two hundred and forty cases were received by the plaintiffs' clerk, McBride, who called upon Waldstein, one of the defendants, told him that they had arrived, and Waldstein said "All right." The clerk told him that the plaintiffs would hold them six months at the defendants' convenience; named two or three storehouses to him, and Waldstein selected the storehouse 76 Greenwich Street, in which the 240 cases were stored. The six months expired on the 2nd of October, 1883, and shortly before, on September 14th, 1883, the defendants wrote to the plaintiffs, stating that they were sorry to inform them that the sugar they had bought from them had caused the defendants much trouble and serious damage, as it was full of dirt and dust, and seemed to deteriorate by standing; that they must therefore decline receiving the last lot, and that they gave them formal notice thereof. This note shows very plainly that the refusal to receive was not that they wanted 250 cases instead of 240, but that for the reason therein given they did not want any. It is evident from the contract itself and the view taken of it by both parties, that the exact quantity was not material, and that the variance "of about 240" and "about 250" was unimportant. The note delivered to the plaintiffs when produced upon the trial had the word "about" blotted out with ink, but the plaintiffs proved, when producing the note, that there was no erasure of the word "about" when it was signed by the defendants—that is, the broker testified that he believed that, when the note was signed by the defendants, the scratches with a pen across the word "about" were not made, and that he did not know who scratched out the word "about." This was sufficient, as the defendants did not

contradict it, and shows that, when the respective notes were delivered with the word "about" in both of them, the parties were contracting for a lot the quantity of which was not known; and that, when the 240 cases were received and stored in the warehouse of the defendant Waldstein's selection, they were regarded by him as a satisfactory fulfillment of the contract.

The cases cited by the defendants on the argument have no application. They are cases where the quantity being left uncertain in the contract the defendant was not allowed to prove a warranty to deliver an exact quantity (*Powell* v. *Edmunds*, 12 East 6); or where one of the notes delivered contained a warranty and the other did not (*Peltier* v. *Collins*, 3 Wend. 459); or where the description of the thing sold was different in the two notes (*Thornton* v. *Kempster*, 5 Taunt. 786, the one being *Petersburgh Clean Hemp* and in the other *Riga Rhine Hemp*); or where there was a difference between the two notes in some material matter, something which was of the essence of the contract (as in *Grant* v. *Fletcher*, 5 Barnew. & C. 436; *Townsend* v. *Drakeford*, 1 Carr. & K. 20, 21; *Cowïe* v. *Remfry*, 5 Moore P. C. C. 251); or cases where the broker, after the delivery of the bought and sold notes, made an addition to the sold note at the persuasion of the vendor (*Powell* v. *Divett*, 15 East 29); or where there had been a fraudulent alteration of the contract (*Master* v. *Miller*, 4 T. R. 220; *Meyer* v. *Huncke*, 55 N. Y. 412).

These were cases very different from the present one, and the court below held that the defendants found no fault with the quality delivered, and did not put their refusal to receive and pay for the sugar on the ground that 250 cases were called for by the contract; and the court in so holding construed the contract as the parties themselves construed it (*Johnson* v. *Oppenheim*, 55 N. Y. 291).

The ground upon which the defendants refused to receive and pay for the sugar was untenable. Waldstein in his testimony admitted that it was to be of the same kind as the 240 cases previously received, and the evidence given

fully warranted the justice who tried the cause in finding that it was so.

The judgment should be affirmed.

ALLEN, J., concurred.

Judgment affirmed.