HILDRETH v. RAFFIN.

(Supreme Court, Appellate Division, Second Department. November 18, 1910.)

1. COURTS (§ 188*)—MUNICIPAL COURTS—JURISDICTION.
    Under Municipal Court Act (Laws 1902, c. 580) § 1, subd. 18, giving the court jurisdiction of an action against an administrator as such, where the amount claimed does not exceed $500, the Municipal Court has jurisdiction of an action of replevin against an administrator claiming goods worth less than $500 in his capacity as administrator.

    [Ed. Note.—For other cases, see Courts, Dec. Dig. § 188.*]

2. EXECUTORS AND ADMINISTRATORS (§ 430*)—LIABILITY OF ADMINISTRATOR.
    The act of a surviving husband in assuming dominion over articles loaned to his deceased wife and in refusing to restore them to the lender

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

creates a cause of action against him individually, and not in his capacity as administrator of the deceased wife.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1683–1688; Dec. Dig. § 430.*]

Appeal from Municipal Court, Borough of Brooklyn, First District.

Action by Louisa Hildreth against Edward Raffin. From a judgment of dismissal, plaintiff appeals. Reversed, and new trial ordered.

Argued before HIRSCHBERG, P. J., and WOODWARD, BURR, RICH, and CARR, JJ.

William Howard, Jr., for appellant.

Seley & Levine, for respondent.

CARR, J. The plaintiff sued in replevin to recover possession of certain household goods. The defendant is her son-in-law. According to the plaintiff's proofs, she loaned the articles to her daughter, the defendant's wife. The daughter died, and the defendant assumed dominion over the articles, and refused to restore them to the plaintiff. On the trial, the complaint was dismissed on the theory that the plaintiff's remedy was in the Surrogate's Court against the defendant as administrator of the deceased daughter's chattels. When the motion to dismiss was granted, there was no proof whatever that the defendant was the administrator of his wife's estate, or that he held the property in question under claim of such authority. It was error, therefore, to grant the motion to dismiss.

If, however, there had been such proof, it would have been error to dismiss on the theory presented. The Municipal Court has jurisdiction of an action against "an administrator or executor as such, where the amount claimed does not exceed five hundred dollars, exclusive of interest and costs." Municipal Court Act (Laws 1902, c. 580) § 1, subd. 18. It is true that this action was not brought against the defendant, as administrator, "as such," as provided in the statute, but against him individually, for an act which he may have done in a furtherance of his duties as administrator, if such he was. This act, however, was a personal act, and not representative. The unlawful detaining of the personal property was done, not by the decedent, but by the defendant himself. The act of the defendant created a cause of action, not against the estate of the decedent, but against himself individually. Under these circumstances, he was sued properly in his individual capacity. Matter of Van Slooten v. Dodge, 145 N. Y. 327, 39 N. E. 950; Anderson v. Thomson, 38 Hun, 394; 18 Cyc. 884.

The judgment of the Municipal Court should be reversed, and a new trial ordered; costs to abide the event. All concur.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes