July 31, 1925, modifying and affirming as modified a decree of the Washington County Surrogate's Court construing the will of Abbie M. F. Andrews, deceased. The fourth clause of said will read as follows: " With the exception of my nephew George U. Gates, I give and bequeath all the rest, residue and remainder of all my property and estate to such of my nephews and nieces as survive me, to be divided equally between them share and share alike." The surrogate held that a grand-niece, daughter of a deceased niece, was included as one of the class constituting the residuary legatees. The Appellate Division held that only actual "nephews" and "nieces," in the ordinary meaning of the terms, were included, and modified the decree by striking out the name of the grandniece as a residuary legatee as well as her award of costs, although no appeal had been taken from such award.

*Harry Cook* and *Newton B. Van Derzee* for appellant.
*J. B. McCormick* for Ralph E. Barkley, as executor.
*Ernest H. Wills* and *John R. Watts* for respondents.

Order of Appellate Division modified by restoring allowance of costs to May M. Johnson and as so modified affirmed, without costs; no opinion.

Concur: HISCOCK, Ch. J., POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.    Absent: CARDOZO, J.

---

GRANVILLE A. BEALS, Doing Business as the GREENWICH MILLS, Appellant, *v.* MICHAEL HIRSCH, Respondent.

*Contract — sale — tender — contract for manufacture and sale of goods — refusal by purchaser to accept goods proper where manufacturer denies reasonable opportunity to examine.*

*Beals* v. *Hirsch*, 214 App. Div. 86, affirmed.

(Argued January 21, 1926; decided February 24, 1926.)

APPEAL from a judgment, entered July 10, 1925, upon an order of the Appellate Division of the Supreme Court in the first judicial department, reversing a judgment in favor of plaintiff entered upon a verdict and directing a dismissal of the complaint. The action was to recover

for an alleged breach of contract whereby plaintiff agreed to manufacture and defendant agreed to purchase a certain quantity of cloth. The complaint alleged that within the time fixed for delivery plaintiff manufactured and tendered to defendant a portion of the goods contracted for but plaintiff refused to accept the same. The defense was that plaintiff refused to accord defendant a reasonable opportunity to examine the goods before acceptance.

*Joseph P. Segal* and *I. Gainsburg* for appellant.

*William L. Ransom* and *Colley E. Williams* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ. Absent: CARDOZO, J.

---

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* THOMAS H. LARKIN, Appellant.

*Crimes — extortion and misconduct as attorney — judgment of conviction affirmed.*

People v. *Larkin,* 213 App. Div. 845, affirmed.

(Argued January 21, 1926; decided February 24, 1926.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered March 13, 1925, which affirmed a judgment of the Chautauqua County Court convicting the defendant of the crimes of attempted extortion and misconduct as attorney.

*John L. Heider* and *Thomas H. Larkin,* in person, for appellant.

*Glenn W. Woodin* for respondent.

Judgment affirmed; no opinion.

Concur: HISCOCK, Ch. J., POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ. Absent: CARDOZO, J.