MAX D. FRIEDMAN, Appellant, Respondent, *v.* ISAAC D. BACHMANN, Respondent, Appellant.

First Department, January 15, 1932.

*Louis J. Schwartz,* for the plaintiff.

*Eugene L. Bondy* of counsel [*Bondy & Schloss,* attorneys], for the defendant.

O'MALLEY, J. The amended complaint purports to set forth a cause of action for the price under a written agreement of purchase and sale. The agreement, a copy of which is annexed, reads in part, as follows:

"*June* 18, 1926.

"DAVID GREENBERG, GUSTAVE STEIN, MAX FRIEDMAN:

"GENTLEMEN: Confirming conversation had by me with our Mr. Perl, the subject matter of which I understand he repeated to you, I beg to state that the 20 shares of our Cumulative Preferred 'A' stock, which each of you now hold, numbered respectively 126, 118 and 127, as well as the 30 shares which Mr. Greenberg is subscribing for today, and the 50 shares for which Mr. Stein is subscribing today, and the 20 shares for which Mr. Friedman is subscribing today, will, if subsequently offered to me by you, be bought by me from you under the conditions stipulated hereinafter:

"If offered to me within one year from the date hereof, I will purchase same at ninety-five.

"If offered to me within one year from the date hereof, but not later than two years from the date hereof, I will purchase same at ninety-six.

"If offered to me after two years from the date hereof but not later than three years from the date hereof, I will purchase same at ninety-eight.

"If offered to me after three years from the date hereof, but not later than ten years from the date of original issue, I will purchase same at ninety-nine.

"Very truly yours,
"ISAAC D. BACHMANN."

The complaint alleges that the plaintiff purchased the additional twenty shares of stock and that on or about December 12, 1930, he was the owner of a certificate representing twenty shares and a certificate representing ten shares, which, on the day mentioned, both orally and in writing, he tendered to the defendant and requested and demanded of him that he repurchase the said thirty shares in accordance with the terms of the agreement at the rate of ninety-nine dollars per share, plus accrued dividends, if any. Upon defendant's refusal, plaintiff in his complaint again tenders the certificates mentioned and demands payment of the price.

We are of the opinion that the complaint fails to state facts sufficient to constitute a cause of action. Section 144 of the Personal Property Law (added by Laws of 1911, chap. 571, as amd. by Laws of 1925, chap. 560) sets forth the circumstances under which an action for the price may be maintained. The allegations of the complaint do not bring the plaintiff within any of the three

subdivisions of this section. Property in the goods did not pass to the buyer. Therefore, subdivision 1 does not apply. Under the agreement the price was not " payable on a day certain," because time for payment did not become fixed until plaintiff had made his demand and made a proper tender. Delivery and payment are ordinarily concurrent conditions. The amended complaint fails further to set forth any facts bringing it within subdivision 3, for there is nothing pleaded to show that the stock could not readily be resold for a reasonable price. Lacking, as it does, any *ad damnum* clause, the complaint fails to state a cause of action for damages for failure of the defendant to repurchase.

While we are of opinion that the plaintiff under the agreement pleaded might maintain an action in his own right without the two other addressees of the letter joining with him in an offer and tender of their shares, we think that he should have either pleaded a tender of his entire forty shares originally owned, or shown circumstances excusing such tender. Shares of stock are subject to the Sales Act. (*Wills* v. *Investors Bankstocks Corp.*, 257 N. Y. 451.) Defendant under certain circumstances agreed to purchase forty shares of stock. A delivery of a quantity of goods less than called for by the contract entitles the buyer to refuse such tender (Pers. Prop. Law, § 125), and it has been held that quantity in a sales contract is of the essence. (*Beals* v. *Hirsch*, 214 App. Div. 86; affd., 242 N. Y. 529.)

The motion of the defendant, therefore, for judgment on the pleadings should have been granted. Plaintiff having failed to state a cause of action, his motion for summary judgment was properly denied.

It follows that the order denying plaintiff's motion for summary judgment should be affirmed, with ten dollars costs and disbursements, and the order denying defendant's motion for judgment on the pleadings reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs, but with leave, however, to the plaintiff to plead anew upon the payment of such costs.

FINCH, P. J., McAVOY, MARTIN and TOWNLEY, JJ., concur.

Order denying plaintiff's motion for summary judgment affirmed, with ten dollars costs and disbursements to the defendant. Order denying defendant's motion for judgment on the pleadings reversed, with ten dollars costs and disbursements to the defendant, and motion granted, with ten dollars costs, but with leave, however, to plaintiff to serve an amended complaint within twenty days from service of order upon payment of said costs.