JOSEPH E. BISHOP, Appellant, *v.* O. V. TRACY & Co. and Others, Respondents.

Fourth Department, January 4, 1933.

*Wilfred E. Hoffmann,* for the appellant.

*Jerome K. Cheney,* for the respondents.

PER CURIAM. The complaint attempts to state causes of action for the purchase price of certain shares of corporate stock which the defendants and Charles S. Tracy, deceased, had offered to purchase from the plaintiff. Even assuming that the complaint contains sufficient allegations of valid contracts of sale, by setting out offers and acceptances of offers by notices and demands, and also sufficient allegations of breaches of these contracts, still the complaint is insufficient. These contracts are subject to the provisions of the Sales of Goods Act (Pers. Prop. Law, §§ 82–158). (*Wills* v. *Investors Bankstocks Corp.,* 257 N. Y. 451.) To state a cause of action for the purchase price of goods of which the title has not passed, it is necessary to allege the facts referred to in subdivision 3 of section 144 of the Personal Property Law. (*Friedman* v. *Bachmann,* 234 App. Div. 267.) There is a complete failure to allege these essential facts. There is no allegation of damages. Dismissal of the complaint was, therefore, proper.

The judgment should be modified by granting leave to plead over on payment of costs and as modified affirmed, with costs.

All concur.

Judgment modified by granting to plaintiff leave to plead over upon payment of costs and as so modified affirmed, with costs to the respondents.