SELINA GUBIN, Respondent, v. CITY OF NEW YORK, Appellant.*

Supreme Court, Appellate Term, Second Department, March 26, 1934.

*Paul Windels, Corporation Counsel,* for the appellant.

*Jacques Schurre,* for the respondent.

PER CURIAM. Plaintiff seeks the return of a license fee in the sum of fifteen dollars which she paid to the defendant for a temporary permit to sell bottled beer or light wines to be consumed on premises. Such permit was issued to plaintiff by the department of health on April 27, 1933, and contained the following provision: " No fee paid hereunder will be refunded * * * if this temporary permit * * * is revoked for any cause whatsoever."

Previously, to wit, on April 12, 1933, the Alcoholic Beverage Control Law (Laws of 1933, chap. 180) became effective, section 130 of which reads as follows: " Local licenses. Notwithstanding the provisions of any general, special or local law, all licenses heretofore granted by a city, village or town for the brewing or sale of

beer shall expire June first, nineteen hundred thirty-three. The fee paid to such city, village or town for such license so expiring shall be credited upon the license fee provided in this chapter for a license to brew or sell beer in case the holder of such city, village or town license shall be granted a license by the state board. In case the holder of such city, village or town license shall not be granted a license under the provisions of this chapter by the state board, such portion of the money so paid for such city, village or town license shall be returned to him by such city, village or town *pro rata* in the proportion which the unexpired period for which such license was granted bears to the entire period thereof."

The court below granted summary judgment in favor of plaintiff for the sum of twelve dollars and seventy-five cents, with interest (150 Misc. 182). In so doing the learned justice assumed that section 130 of the Alcoholic Beverage Control Law was applicable to the instant case. Defendant did not submit any opposing affidavit. Nevertheless, if the complaint is insufficient, the motion must be denied, for plaintiff is not entitled to summary judgment unless a cause of action is stated. (*Tauber* v. *National Surety Co.*, 219 App. Div. 253; *Jacobs* v. *Korpus* 128 Misc. 445; *Pennsylvania R. R. Co.* v. *Tozzi*, 124 id. 310.)

The principle is well established that a voluntary payment of money under a mistake of law cannot be recovered back in the absence of statutory aid. The reason for this rule is all the stronger where a municipality is involved. (*Hebron* v. *City of New York*, 78 Misc. 653; *Phelps* v. *City of New York*, 112 N. Y. 216; *Flynn* v. *Hurd*, 118 id. 19; *Vanderbeck* v. *City of Rochester*, 122 id. 285.) Plaintiff relies on section 130 of the Alcoholic Beverage Control Law as affording a remedy. That statute is unavailable to her, being expressly limited to licenses which were granted before the date when such statute took effect, viz., April 12, 1933 (Alcoholic Bev. Control Law, § 133; General Constr. Law, § 23). Since plaintiff's permit was issued on April 27, 1933, it does not come within the scope of the statute. Moreover, section 130 of the Alcoholic Beverage Control Law contemplates a credit upon the fee for a license by the State Board, and, in case such license shall not be granted to the holder of the local license, then the latter is to receive a *pro rata* refund for the unexpired period of his permit. Admittedly plaintiff did not apply for a license under the provisions of the above law. Nor does it appear that her temporary permit was of any specified duration.

It was error for the court below to assume as a matter of law and without such facts having been pleaded or shown that the payment by plaintiff was not voluntary. Of course, if plaintiff wished

to sell bottled beer or light wines, it was necessary for her to obtain a permit, for which she was required to pay the prescribed fee.

Judgment and order unanimously reversed upon the law, with ten dollars costs to appellant, and motion for summary judgment denied, with ten dollars costs.

Present — MacCrate, Lewis and Johnston, JJ.