SCARSDALE SUPPLY COMPANY and Others, Plaintiffs, *v.* PATRICK D. PEARCE and Others, Defendants.

Supreme Court, Westchester County, July 30, 1934.

*Lynch, Cahn & Weed*, for the plaintiffs.

*Sydney A. Syme*, for the defendants.

WITSCHIEF, J. The plaintiffs move for judgment on the pleadings under rule 112 of the Rules of Civil Practice in this action for a declaratory judgment. If the complaint fails to state a cause of action, the plaintiffs' motion for judgment must be denied. (*Friedman* v. *Bachmann*, 234 App. Div. 267.) The complaint alleges that the plaintiffs deal in building materials and that the defendants represent unions whose members handle building materials. The plaintiffs' employees are alleged to be non-union men; the plaintiffs maintaining an open shop. Then it is alleged that the defendants have submitted to the plaintiffs a proposed agreement, one of the provisions of which is that the plaintiffs will employ only such persons as may be members in good standing of the unions represented by the defendants. It is also alleged that, unless that agreement is executed, a strike will be called upon all building operations in connection with which materials are being supplied by the plaintiffs; that the plaintiffs are desirous of avoiding labor difficulties and disputes, " and if lawful, are desirous of giving due and proper consideration to the demands of the defendants that the agreement * * * be executed." It is then alleged that the provision of the agreement which requires the plaintiffs to employ only union men violates section 7(a) of the National Industrial Recovery Act (U. S. Code, tit. 15, § 707[a]) and of certain codes which it is claimed are applicable to plaintiffs, and that it is important that the plaintiffs should be advised whether it is lawful for them to execute and perform such an agreement.

The prayer for judgment is that it be declared whether the agreement may be validly executed and performed, and whether it is lawful for the plaintiffs to agree not to employ any but union men, and for an injunction, etc. The complaint does not state a cause of action for a declaratory judgment. (Civ. Prac. Act, § 473.) That section gives the court power to declare " rights and other legal relations." It does not give the court power to declare a moot question. The general purpose of the declaratory judgment is to serve some practical end in quieting or stabilizing an uncertain or disputed jural relation. (*James* v. *Alderton Dock Yards*, 256 N. Y. 298, 305.) There is no jural relation existing between the plaintiffs and the defendants, or the unions which the defendants represent. There is no existing obligation on the part of the plaintiffs to the defendants or the defendants to the plaintiffs. If it should be declared that the plaintiffs might lawfully enter into an agreement with the defendants to employ none but union men, the plaintiffs might still refuse to enter into such an agreement. If it should be declared that the plaintiffs might not lawfully enter into an agreement with the defendants to employ none but union men, the

defendants might still refuse to handle materials supplied by the plaintiffs, in which event an action would still be necessary to enforce the rights which the plaintiffs claim to have under the National Industrial Recovery Act (48 U. S. Stat. at Large, 195). The declaratory judgment sought in this action would serve no useful purpose. What the plaintiffs really seek is advice, and a declaratory judgment is not designed for that purpose. (*Post* v. *Metropolitan Casualty Insurance Co.*, 227 App. Div. 156, 158.)

Since the complaint fails to state facts sufficient to constitute a cause of action for a declaratory judgment, the motion for judgment under rule 112 of the Rules of Civil Practice, must be denied, with ten dollars costs.