MARY H. BRADLEY, Appellant, v. NORMAN W. ROE and GEORGE HENRY PAYNE, Respondents.— Action for damages for conversion of a stock certificate owned by the plaintiff's assignor and withheld by the defendants after a demand therefor. Orders granting separate motions of the defendants under Civil Practice Rules 112 and 113 to dismiss the complaint, and judgment entered pursuant thereto, reversed on the law, with ten dollars costs and disbursements against each respondent, and motions denied, without costs. Summary judgment pursuant to rule 113 granted in favor of the plaintiff, with ten dollars costs, and assessment of damages directed. The conversion of a stock certificate constitutes conversion of the stock. (*Pierpoint* v. *Hoyt*, 260 N. Y. 26.) The stock certificate which came into the defendants' hands, as temporary administrators of the decedent Johnson, on its face was the property of Dare. It indicated a transfer of stock upon the books of the company to him and that constituted him the sole owner. (*Matter of Babcock*, 85 Misc. 256; affd. on surrogate's opinion, 169 App. Div. 903; affd., 216 N. Y. 717.) It was not indorsed in blank. The undisputed fact is that Dare had received the dividends on that stock subsequent to November, 1932. There is no evidentiary showing that the stock belonged to any one other than Dare. When the defendants were appointed temporary administrators they were authorized to take possession of the property of the decedent. That did not authorize them to take possession of or withhold property which did not belong to the decedent and with reference to which decedent had no claim. Defendants, therefore, at their peril withheld property which on its face did not belong to their decedent, when demand therefor was made by a third party owner of the stock certificate. When the demand was made and a refusal to turn over ensued, an act of conversion occurred. The refusal of the defendants was a personal act and not one in their representative capacity. (*Kirchner* v. *Muller*, 280 N. Y. 23; *Hildreth* v. *Raffin*, 141 App. Div. 77; *Gratwick* v. *Smith*, 202 id. 600; *Newcombe* v. *Lottimer*, 58 Hun, 609; affd., 128 N. Y. 618; *Schweickert* v. *Conway*, 224 App. Div. 846.) The remedy under section 206-a of the Surrogate's Court Act is not exclusive. In a particular situation it might be much more cumbersome than an action in conversion, because under that section all persons interested in the estate and in the specific property would have to be cited, even though the one aggrieved was concerned only with the claimed wrongful act of a single person whose conduct was individually wrongful and not chargeable to the estate. That section does not purport to oust the Supreme Court of jurisdiction, assuming, without deciding, that such an ouster could be lawfully effected by statute. Rule 113 of the Rules of Civil Practice authorizes the granting of summary judgment to a plaintiff even though she may not move therefor where a defendant makes such a motion and it appears that plaintiff, instead of defendant, is entitled to judgment. Lazansky, P. J., Carswell and Taylor, JJ., concur; Hagarty, J., with whom Adel, J., concurs,

dissents and votes to affirm, with the following memorandum: The defendants, as temporary administrators, turned over to a depository, designated by court order, a certificate of stock found by them in their decedent's safe deposit box, with the result that they are individually sued for conversion thereof by one who claims the stock as a gift from decedent. The deposit was a proper incident to the performance of their duty to preserve assets. Intention and delivery were elements to be proved by one claiming a gift, even though the stock certificate was registered in his name. (*Jackson* v. *Twenty-third St. Railway Co.*, 88 N. Y. 520.) If defendants had turned over the certificate to plaintiff they would have done so at their peril. The property has been preserved for him who establishes title thereto, and the facts do not warrant mulcting the defendants in damages which have not been sustained.