Action to recover damages in connection with the sale of a quantity of canned salmon. The defendant moved to dismiss the second amended complaint under rule 106 of the Rules of Civil Practice on the ground it failed to state a cause of action, and for alternative relief under rule 102 of said rules. Order denying defendant’s motion reversed on the law, with $10 costs and disbursements, and the motion to dismiss the complaint granted, with $10 costs, with leave to plaintiff to serve an amended complaint within ten days from the entry of. the order hereon if it be so advised. The contract pleaded required the delivery or the tender of “approximately 2500 cases” of a specified type of canned salmon. The complaint alleges that but 2,200 cases were delivered or tendered under the contract. This is insufficient. (Personal Property Law, § 125, subd. 1; Mount v. Lyon, 49 N. Y. 552; Beals v. Kirsch, 214 App. Div. 86, affd. 242 N. Y. 529;- Brown V. Norton, 50 Hun 248, 252; Bussell V. NicoU, 3 Wend. 112; Mead v. Begolyer, 16 Wend. 632; Champlin v. Bowley, 13 Wend. 258; Norton v. Woodruff, 2 N. Y. 153; Milbank v. Bennistoun, 21 N. Y. 386, 396; Ji A. Kirsch & Go. v. Boulston, Beckert é Co., 178 N. Y. S. 246 [not officially reported]; Waite on Sales [2d ed.], p. 16; 2 Williston on Sales [2d ed.], § 460 ; 3 Williston on Contracts [Rev. ed.], § 861; Richardson on Contracts [5th ed.], § 467.) There is no allegation excusing or justifying the failure to deliver or tender the full amount required by the contract. Such an allegation is indispensable to the statement of a good cause of action. (Friedman v. Bachmann, 234 App. Div. 267, 269; Hilton & Bodge Lumber Co. v. Sizer & Co., 137 App. Div. 661, 664.) The use of the word “ approximately ” in the contract does not save the complaint' where the variation or shortage is so gross as to amount to 12% of the quantity involved in the alleged contract. (Weinmann v. Fellman, 162 N. Y. S. 131, 132 [not officially reported]; Moore v. United States, 196 TJ. S. 157, 167; Hind v. Willich, 127 Mise. 355; Kein v. Tupper, 42 How. Prac. 437, 450; Howell v, Maas, 13 Daly 221; 55 C. J., Sales, pp. 381, 388.) Whether the complaint is defective in other particulars need not be determined. Carswell, Johnston, Adel and Sneed, JJ., concur; Hagarty, Acting P. J., dissents and votes to affirm the order, with the following memorandum: I think the term “approximately” as here used, may tie construed as an estimate of the number of cases that plaintiff could deliver, and that the number delivered is sufficiently close to that estimate. The questión should be determined on a trial. [See 273 App. ' Div. 785, 811.] I