Roy Anderson et al., Appellants-Respondents, *v.* City of New York, Respondent-Appellant.

First Department, April 21, 1953.

*Samuel Resnicoff* for appellants-respondents.

*Andrew Bellanca* of counsel (*Seymour B. Quel* with him on the brief; *Denis M. Hurley, Corporation Counsel,* attorney), for respondent-appellant.

BREITEL, J. Plaintiffs are employed in the city department of water supply, gas and electricity as " Foremen of Laborers ", Grades 2, 3, and 4. They sue the city for additional salary over the amount provided for such positions in the budgets for the period 1945 through April, 1951. Their claim is based on a resolution of the board of estimate and apportionment passed in 1920. That resolution recommended a rate of pay for " Foreman Mechanic (all skilled trades)" of " $300 per annum in excess of the total annual amount provided for per diem Mechanics of the same trade who work under their supervision." The resolution was approved by the board of aldermen in that year.

Special Term denied plaintiffs' motion for summary judgment and denied defendant's motion for judgment on the pleadings, holding: " Whether that resolution has the force of statute and whether it survived the budgets subsequently adopted turn on factual issues which may not be resolved without a trial." These are cross appeals from the order denying the motions.

The city denied that the resolution covered the class of employees of which plaintiffs are members. That denial raised a triable issue of fact. Moreover, neither the complaint nor the affidavits set forth that plaintiffs' subordinates are " mechanics of the same trade ". There is lacking, therefore, an essential element, since the resolution relied upon by plaintiffs, by its terms, established a pay differential in favor of " Foreman Mechanic (all skilled trades) " over " Mechanics of the same trade who work under their supervision." That defect alone is a bar to summary judgment in plaintiffs' favor. (*Tauber* v. *National Surety Co.*, 219 App. Div. 253; *Gubin* v. *City of New York*, 154 Misc. 547. See, also, *Friedman* v. *Bachmann*, 234 App. Div. 267.)

Finally, it is conceded that during a portion of the period in question plaintiffs or their agents accepted and receipted for their pay without noting a protest on the payrolls. It would seem therefore that their claim is barred with respect to the period covered by payrolls not protested. (Administrative Code of City of New York, § 93c–2.0; *Pisciotta* v. *City of New York*, 275 App. Div. 966, affd. 300 N. Y. 664; *Gendel* v. *City of New York*, 297 N. Y. 933; *Matter of Rushford* v. *LaGuardia*, 280 N. Y. 217; *Quayle* v. *City of New York*, 278 N. Y. 19.)

Accordingly, Special Term correctly concluded that plaintiffs were not entitled to summary judgment.

The city did not ask for summary judgment in its favor, either at Special Term or on the appeal. It may, nevertheless, be entitled to that relief, if it has a good defense to the action. (Rules Civ. Prac., rule 113; *Bradley* v. *Roe,* 257 App. Div. 1005, revd. on other grounds, 282 N. Y. 525.)

The Greater New York Charter in effect in 1920, when the resolution relied upon by plaintiffs was passed, provided a procedure for fixing the pay of city employees. Section 56 of the Charter then provided: " The salaries of all officers whose offices may be created by the board of aldermen for the purpose of giving effect to the provisions of this act, shall, subject to the other provisions of this act, be prescribed by ordinance or resolution. Except as in this section otherwise provided *it shall be the duty of the board of aldermen, upon the recommendation of the board of estimate and apportionment, to fix the salary of every officer or person whose compensation is paid out of the city treasury* other than day laborers, and teachers, examiners and members of the supervising staff of the department of education, irrespective of the amount fixed by this act, except that no change shall be made in the salary of an elected officer or head of a department during his tenure of office." (Emphasis supplied.) (L. 1902, ch. 435.)

Exercising its powers under this section the board of aldermen approved by resolution the proposal submitted by the board of estimate and apportionment to establish a pay differential. But the resolution, as we shall see, was in no sense self-executing. Under the then Charter, section 226, it was necessary for the board of aldermen to adopt a budget for the year. That was the method used to implement section 56. By making up the budget for the year, the board of aldermen " fixes the compensation * * * for every person to be paid out of the city treasury ". (*Thoma* v. *City of New York,* 263 N. Y. 402, 405.) Whether the resolution was applied, and to what extent, in the budget for 1920 and in the years following, until the adoption of the new City Charter, does not appear in the record. It is clear, however, that the pay fixed by the resolution could have been reduced in any year by appropriate action by the two boards. It was thus held in a case very much in point in which it was said: " they [referring to the board of aldermen and the board of estimate and apportionment] were not confined to any particular form or procedure in refixing salaries, [and] it was * * * within their province, by the annual estimates, to reduce salaries which it was within their authority to fix. It is

a reasonable construction of the annual recommendation of the board of estimate and apportionment in submitting estimates to the board of aldermen, in and by which it recommends the raising of funds by taxation for the purpose of paying salaries or the compensation of positions at a rate lower than that theretofore prescribed, that it constitutes a recommendation to the board of aldermen for the reduction of such salaries or compensation; and on such recommendation receiving the approval of the board of aldermen, * * * the salary or compensation is reduced accordingly." (*Lazinsk* v. *City of New York*, 163 App. Div. 423, 433–434.)

The *Lazinsk* case involved a claim by a city employee for the difference between salary he had received pursuant to budgets approved by the board of aldermen, and the higher salary specified in an earlier resolution of the board. The court held that the budgeted salary controlled as against the nonbudgeted salary fixed in the resolution. The resolution there, as in this case, had never been " formally " repealed or modified.

A holding to the same effect was made in *People ex rel. Tyng* v. *Prendergast* (164 N. Y. S. 1042, affd. 178 App. Div. 895, affd. 221 N. Y. 659) in which Mr. Justice Shearn stated (p. 1048): " When an official's salary has been originally fixed by the board of aldermen in pursuance of law, and the board of estimate recommends in writing that the specific salary be changed, no particular form is required, either for the board of estimate in making its recommendation or for the board of aldermen in adopting and approving the recommendation and thus fixing the salary. There is no prohibition against including the recommendation in the budget or including the approval in a resolution approving the budget. Indeed, the budget is the natural place for the recommendation."

In 1936 the present City Charter was adopted, to take effect in 1938.

Section 67 of the present Charter vests power in the board of estimate, except as otherwise provided in the Charter or by statute, to fix the salary for every officer or person whose compensation is paid from the city treasury, other than day laborers. Section 123 of the Charter provides for the adoption of the budget by the board of estimate each year. Its action must thereafter be followed by adoption of the budget by the city council, which may reduce or omit any item. (§ 124.) Sections 67 and 123 of the present Charter correspond to sections 56 and 226 of the old Charter. (The present budget-

making procedure is outlined in some detail in *Matter of Broderick* v. *City of New York* (295 N. Y. 363, 369–370). (See, also, Tanzer, New York City Charter [1937], pp. 63, 64.) The principal relevant difference between the old and the new charters is that the council does not fix salaries of any employees as did the board of aldermen. That function is now performed by the board of estimate.

Plaintiffs do not claim that for the years in question the budgets adopted provided for a pay differential in their favor. They rely solely upon the 1920 resolution. We must conclude, therefore, that the adoption of budgets for those years without provision for a pay differential vitiated the 1920 resolution of any force it may once have had. *Matter of Rushford* v. *LaGuardia* (280 N. Y. 217, *supra*) holds that a resolution of the board of estimate passed at a date later than that fixed for the adoption of the budget, purporting to effect a reduction in pay, is ineffective. *Rasmussen* v. *City of New York* (88 N. Y. S. 2d 103, affd. 276 App. Div. 904, affd. 301 N. Y. 532) holds to the same effect. A fortiori, it is at budget-making time that salaries are fixed. Plaintiffs' salaries were so fixed for the period in question without provision for payment of a differential. They have, therefore, no claim to the benefits of the 1920 resolution. Accordingly, summary judgment in defendant's favor should have been granted.

Defendant's motion for judgment on the pleadings could also have been granted, in view of the absence from the complaint of an allegation that the workmen under plaintiffs were mechanics of the same trade. However, since plaintiffs should then have been entitled to leave to replead, a reversal of the order denying defendant's motion is now academic, in view of the conclusion that defendant is entitled to summary judgment.

The order denying plaintiffs' motion for summary judgment should be modified by directing summary judgment to be entered in favor of defendant, and insofar as it denies defendant's motion for judgment on the pleadings the order should be affirmed, without costs.

PECK, P. J., DORE and VAN VOORHIS, JJ., concur.

Order denying plaintiffs' motion for summary judgment unanimously modified by directing summary judgment to be entered in favor of the defendant and, as so modified, affirmed, and insofar as it denies defendant's motion for judgment on the pleadings, the order is unanimously affirmed, without costs. Settle order on notice.