HERBERT J. CARTER et al., Respondents, v. PAUL UTZ, Appellant.

*Per Curiam.* The order and judgment granting the plaintiffs-landlords summary judgment should be reversed and the motion should be denied, nor do we think that defendant is entitled to summary judgment. There are sharp issues which should not be decided except at a plenary trial.

As to the first two causes of action, respectively, for rent and use and occupation of the premises, the effect of the judgment of the Municipal Court, Bronx, for rent obtained by the landlords against the tenant in May, 1953, and that of the judgment later obtained by the tenant against the landlords in the same court in July, 1953, can only be determined upon a full inquiry into the issues which were tried out in each case and those issues which might have been litigated. " A judgment in one action is conclusive in a later one not only as to any matters actually litigated therein, but also as to any that might have been so litigated, when the two causes of action have such a measure of identity that a different judgment in the second would destroy or impair rights or interests established by the first." (*Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.*, 250 N. Y. 304, 306–307.) The later determination by the Municipal Court made on July 10, 1953, held that the landlords were not entitled

to dispossess the tenant for nonpayment of rent for the month of June, 1953, because the landlords failed to possess a certificate of occupancy. Even though such certificate was not required in a class A heretofore converted multiple dwelling, this holding might be binding between the same parties as to any future litigation for rent for that month, although such issue might well have been litigated between these same parties at the first trial held in May of 1953. Whether the tenant in the circumstances was entitled to remain in full occupancy of the premises without paying rent therefor for a period of at least four months after June, 1953, should only be determined upon a full adducement of all the facts.

As to the third cause of action, landlords claim that their ownership of the furniture and fixtures was fully litigated at the first trial in the Municipal Court and decided in their favor. In the absence of documentary or other proof as to the issues there decided, summary judgment in favor of landlords as to this cause of action should likewise have been denied.

BASTOW, J. (dissenting in part). Defendant appeals from an order granting plaintiffs' motion for summary judgment. The complaint sets forth three causes of action. The first two causes seek to recover alleged unpaid rent for the months of June, 1953, to October, 1953, inclusive, at the rate of $100 per month. The answer, among other defenses, alleges that during the stated period the leased premises were not a legal dwelling because no certificate of occupancy had been issued for the dwelling.

It is further alleged that on July 10, 1953, a final order was entered in Municipal Court in favor of the defendant in an action brought by the plaintiffs to recover rent for the month of June, 1953. Documentary evidence was submitted proving that such order was made on the merits following a trial. A finding was made in that order that the occupancy was without certificate of occupancy and contrary to law. (Multiple Dwelling Law, § 302.) The petition was dismissed on the merits and plaintiffs did not appeal.

The judgment of the Municipal Court is *res judicata* with respect to so much of plaintiffs' first and second causes of action based upon the June, 1953, rent. Both the parties and the cause of action were the same in that action as they are here. The Municipal Court judgment of July 10, 1953, is *res judicata* not only with respect to issues which were litigated but also with respect to issues which might have been litigated. Therefore, plaintiffs are now precluded from showing that for the month of June, 1953, the premises were covered by a certificate of compliance, issued by the department of housing and buildings, satisfying the requirements of the Multiple Dwelling Law.

Plaintiffs are also estopped from raising questions of fact actually litigated and determined in the prior action with respect to that part of the first and second causes of action based upon the rent accrued from July through October, 1953. (*Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.*, 250 N. Y. 304, 307.) Plaintiffs, in this action, now attempt to show that no certificate of occupancy was needed in a class A heretofore converted multiple dwelling. However, that question was actually litigated in the prior action. The Municipal Court, in determining that there was no certificate of occupancy, must have necessarily determined that such a certificate of occupancy was a prerequisite if the landlord were to recover the June, 1953, rent.

It would appear from the record that the landlord successfully brought an earlier action in May, 1953, to recover accrued rent for the months of March, April and May, 1953. The fact that the May, 1953, and July, 1953, judgments

may be inconsistent does not preclude the defendant from now relying upon a question of fact actually litigated in the July, 1953, action. Where in two successive actions between the same parties the same issue is actually litigated and determined, and the same issue arises in a third action between the parties based upon a different cause of action from that involved in either of the prior actions, the determination in the second action is conclusive, although it is inconsistent with the determination in the first action. (Restatement, Judgments, § 42, comment c.) Therefore, whatever might have been litigated at the trial held in May, 1953, is irrelevant on the issue of illegal occupancy.

It is true that plaintiffs in this action would not be precluded from alleging and proving such a change of circumstances that the ground for dismissing the prior action no longer exists. (*Rudd* v. *Cornell*, 171 N. Y. 114, 130; Restatement, Judgments, § 54.) However, plaintiffs do not maintain this action on the basis of an essential fact which has come into existence subsequent to the Municipal Court action. Rather, plaintiffs seek to show that at the time of the Municipal Court action and prior thereto, they did not need a certificate of occupancy and that the Municipal Court was in error in deciding otherwise and in dismissing their petition. Plantiffs are now precluded from raising this issue.

It follows that plaintiffs are entitled neither to summary judgment upon the first and second causes nor to recovery thereon following trial because such recovery is effectively barred by the asserted defense of *res judicata* and collateral estoppel. The defendant did not ask for summary judgment dismissing the first and second causes but, absent the third cause of action, he could be granted such relief. (Cf. *Anderson* v. *City of New York*, 281 App. Div. 539, 541, affd. 306 N. Y. 803.)

The third cause of action seeks to recover damages for certain personal property alleged by plaintiffs to have been removed by the defendant from the leased premises. The affidavits of the respective parties raise triable issues of fact as to this cause of action. It is possible that this issue has been litigated and determined adversely to the defendant. The affidavits of the plaintiffs, however, inadequately allege the facts relating to the trial in May, 1953, and no copy of the order or judgment entered thereon is submitted upon this motion. The plaintiffs were not entitled to summary judgment striking out defendant's answer and directing an assessment of damages as to this cause of action.

In this posture of the case, there remains for consideration the question as to whether it is possible as a procedural matter at this time to grant summary judgment dismissing the first and second causes of action though defendant did not ask for summary judgment. It has been held in considering motions addressed to the pleadings under rules 106 and 112 of the Rules of Civil Practice that separate causes of action in a complaint may be dismissed. (*Lowe* v. *Lowe,* 265 N. Y. 197; *Kane* v. *Walsh,* 295 N. Y. 198.) Section 476 of the Civil Practice Act authorizes judgment to be rendered by the court in favor of any party and against any party at any stage of an action or appeal if warranted by the pleadings and the admission of the parties. It further provides that " a judgment may be rendered by the court as to a part of a cause of action and the action proceed as to the remaining issues, as justice may require." The test seems to be as to whether " an effective judgment can be rendered sustaining a part of the complaint without fatal mutilation of the entire pleading." (*Kane* v. *Walsh, supra,* p. 207.)

1038

It is recognized that rule 114 of the Rules of Civil Practice permits a defendant to have final judgment dismissing the complaint to the extent warranted where it appears that a motion to dismiss a complaint under rule 113 applies only to one or more of several causes of action. This provision, however, must be read in the light of the 1944 amendment to rule 113 that "If upon such motion it shall appear that the opposing party is entitled to judgment, the judge hearing the motion may award judgment, even in the absence of a cross-motion therefor."

In view of the stated conclusion that plaintiffs are estopped by the prior adjudication from prosecuting the first and second causes of action, it seems proper and within the confines of the applicable rules that a final determination should be made at this time.

The order and judgment granting plaintiffs summary judgment should be reversed [with $20 costs and disbursements], and the motion denied. Summary judgment should be directed in favor of the defendant dismissing the first and second causes of action set forth in the complaint [without costs].

Cohn, J. P., Botein and Rabin, JJ., concur in Per Curiam opinion; Bastow, J., dissents, in part, in opinion in which Breitel, J., concurs.

Order and judgment reversed, with costs to the appellant, and the motion denied. Settle order on notice.