Edward J. Greenfield, J.
In this action plaintiff, an employee of the Civil Court of the City of New York, sues to recover as a wage claim the difference between what she is now being paid and what she claims she should be paid on the basis of scheduled increments. The particular salary involved in this suit is from July 1, 1965, when she claims the increment should have gone into effect, to August 20,1965, when this action was commenced.
The genesis of plaintiff’s claim is a resolution passed by the Board of Estimate on April 4, 1963 (Cal. No. 161) setting the basic wage scales for uniformed court officers up to the fiscal year starting July 1, 1963. Under the salary plan, an appointment rate was set forth, and regular increases were scheduled in three steps after the completion of each additional year of service up to three years. The resolution also provided:
“ 2. Resolved, That it is the intent of the Board of Estimate to provide, during the two-year period from July 1, 1963 to June 30, 1965, for the class of positions of Uniformed Court Officer, such salary adjustments as will equal 95 per cent of any salary increase provided for the class of positions of Patrolman; and be it further
“ 3. Resolved, That, in the event the results of a survey of salaries of court employees indicate further adjustments in rates of pay are in order for Uniformed Court Officers, this resolution shall not preclude the City taking action on original jurisdiction; and be it further
4. Resolved, That the term of this pay plan shall be July 1, 1962 to June 30, 1965, and except for the foregoing provisions, no further revisions of the aforesaid salary plan shall become effective prior to July 1,1965.”
Plaintiff, having taken a competitive civil service examination, was appointed to the position of uniformed court officer on March 16,1964 at a yearly salary of $6,037. Effective July 1, 1964, the start of the next fiscal year, the appointmnt rate was increased to $6,314 by order of the Mayor, inasmuch as the salary of Patrolmen was being increased, and plaintiff’s salary was adjusted upward accordingly. Other court clerical personnel were to receive similar percentage increases.
By July 1, 1965 plaintiff had completed one year of service, and claimed that she was then entitled to the one-year increment which would bring her salary up to $6,524. The City of New York took the position, however, that the salary plan embodied in the April 4, 1963 resolution of the Board of Estimate had expired by its own terms on June 30, 1965, and that in the absence of a new salary plan the salaries of all personnel should remain frozen as of that date.
*979 By the time the Board of Estimate resolution had expired, the power to recommend fixation of salaries of court personnel came under the jurisdiction of the Judicial Conference of the State of New York (N. Y. Const., art. VI, § 28, as implemented by article 7-A of the Judiciary Law; L. 1962, ch. 684, eff. Sept. 1, 1962). Accordingly, the Director of the Budget issued instructions that for the budget for fiscal 1965-1966 no provision was to be made for salary increments for court employees, and in the budget itself there was no increase in existing salaries of any uniformed court officer. Negotiations proceeded between the Uniformed Court Officers Association, the Judicial Conference, the Budget Director’s office and the City Department of Labor, but to date no further plan has been adopted, although any adjustments may be made retroactive. The Conference takes no position one way or another with respect to this action.
This court is, of course, acutely aware of the important services rendered by the uniformed court officers, especially in the Civil Court, where they function not only to maintain the essential order and discipline required for court efficiency and decorum, but also as clerks of the part, liaison, procedural advisors, shepherds of the confused, personal secretaries and confidantes. In short, whatever has to be done, they can be relied on to do, and usually more. The hours are uncertain, but the work load rarely diminishes. Eecognition and thanks this court can give them, but a claim for wages due must be decided on the basis, not of sympathy for deserving co-workers, but on whether such a claim can be substantiated as a matter of law.
This court is impressed by the merit of the plaintiff’s claim as to the unfairness of freezing wages to preclude her from obtaining the annual increments her predecessors obtained. Having started up the steps, she should not be halted in mid-flight and left in limbo between the landings. If no further adjustments are made, after three years of service she and other court officers who had not achieved all their increments before 1965 will be getting $6,314 or whatever figure they were frozen at, while her fellow-officers who precede her after three years were earning $7,693 for the same work. This court has limited powers, however, and cannot usurp the functions of a collective bargaining session, a labor arbitration, a Judicial Conference study, or a court of equity. If plaintiff’s claim for money due as wages already legally accrued cannot be premised on a clear legal right thereto, this court can award her no money judgment.
No issue is raised as to plaintiff not indicating that the salary she continued to collect was noted “ Under Protest”. (Cf. Matter of Rein v. City of New York, 25 A D 2d 356.) In fact, *980 plaintiff filed her claim against the city almost immediately after receipt of her first pay check subsequent to July 1, 1965, when it was made uncontradictably plain that she would get no further increase.
The City of New York contends, however, that inasmuch as no provision for salary increments was made in the preparation of the 1965-1966 budget for uniformed court officers in the Civil Court system pursuant to instructions from the Director of the Budget at the time the budget was being prepared, the city is under no legal obligation to pay the difference claimed by plaintiff.
This court, in its study of the present New York City Charter, the Administrative Code of the City of New York and the applicable statutory law has been unable to come upon any provision which would give continued life and binding legal effect to the Board of Estimate resolution, if indeed that is what plaintiff relies upon, so as to incorporate that resolution with its attendant modifications into the 1965-1966 budget.
Case law clearly indicates that unless such a resolution is implemented in the budget, the budgeted salary controls as against the salary declared in the resolution. (See Anderson v. City of New York, 281 App. Div. 539, affd. 306 N. Y. 803.) “ The public officer seeking payment from the public treasury must put his finger on some statute whereby payment is permitted ”. (Stettler v. McFarlane, 230 N. Y. 400, 408.)
Plaintiff insists, however, that provision has in fact been made for salary increments in the “ Miscellaneous Supporting Schedule ” of the budget, specifically under a subheading entitled “ Added Personal Costs in the Courts ”, for which the sum of $2,000,000 has been appropriated in the Executive Budget for 1965-1966. That contingent fund may be designed to cover salary increments, when readopted, or other types of added personnel costs, including additional personnel as well as increases for existing personnel, but it is not part of the Civil Court budget.
Again this court must advert to the present New York City Charter and the Administrative Code of the City of New York for clarification. Sections 123 and 124 of the Charter control, as well as section 124-2.10 of the Administrative Code. These sections clearly mandate that the power of change, transfer, assignment, scheduling, increase or decrease of units of appropriation be placed solely in the hands of the Mayor or the City of New York or the head of the affected agency once the budget has been adopted.
*981 This court cannot direct the City Council and the Board of Estimate to include in a budget specific line appropriations which possibly they should have made, but did not, nor does it have the power to direct the Mayor to transfer funds set aside for a contingency in the Miscellaneous Budget for the increased salaries of specified court personnel. Hence plaintiff’s wage claim cannot be sustained as a matter of law, and her complaint must be dismissed.